JAMES *v.* THE ATLANTA STREET RAILROAD COMPANY.

90 695
f111 425

90 695
114 643

90 695
122 562

1. A declaration by a husband against a street railroad company alleging that the plaintiff's wife, being a passenger on one of defendant's cars, undertook to alight, and that while so doing, and by reason of defendant's negligence, the car suddenly started off, causing her to fall to the ground "and thereby producing such serious bodily injuries to her as to deprive petitioner for a long time of her company and services, and entail upon him heavy expense for nursing and medical attention, all to his damage" in the sum of one thousand dollars, sets forth substantially a cause of action, and though wanting in sufficient fullness and detail as to

the manner in which the injury was caused, and its consequences, of which advantage could be taken by special demurrer at the first term, should not, at the trial term, be dismissed on defendant's motion, made on the ground that the allegations as to the nature and extent of the injuries done plaintiff's wife were too vague, uncertain and indefinite to put defendant on notice as to the nature of the case to be proved.

2. What is said above is applicable to a declaration filed by the wife against the same defendant, stating in substantially the same terms the manner in which she was injured, and alleging that "by reason of said fall she was badly injured in her body, so that she suffered great pain, and still does, and will continue to do so, and will remain permanently injured," and that "said fall also caused great mental shame and distress," all to her damage in the sum of five thousand dollars.

3. The court erred in sustaining the motions to dismiss the declarations.

January 17, 1893.

Railroads. Negligence. Husband and wife. Pleading and practice. Before Judge WESTMORELAND. City court of Atlanta. March term, 1892.

Separate actions were brought against the railroad company by John J. James, and by his wife Lou James. The head-notes sufficiently state the material allegations of the declarations, and the ground of the motions to dismiss made at the trial. No demurrer was filed at the first term. The motions to dismiss were sustained, and the plaintiffs brought bills of exceptions.

ALEXANDER & LAMBDIN, by brief, for plaintiffs.
N. J. & T. A. HAMMOND, for defendant.

LUMPKIN, Justice.

Under section 3332 of the code, every declaration shall plainly, fully and distinctly set forth the cause of action, and this should be done in order that the defendant may without difficulty understand the nature of the plaintiff's charge or demand, and make preparation to meet it. For want of sufficiency in the respects indicated, a demurrer will lie, which should be sustained unless the plaintiff, by proper amendment, cures the

defects in his declaration.   Where no cause of action whatever is set forth, the defendant may move at any term to dismiss the action, because upon a declaration totally defective in substance, a motion in arrest of judgment would be good.   Whenever this is true, the plaintiff's case may be cut off summarily at any term, and thus save the unnecessary consumption of time in going through a trial which could not result in any valid judgment; but defects merely of form should be taken advantage of at the first term.   Rule 28 of the superior court.   Where a legal cause of action is set forth, formal defects would be cured by verdict.

We do not think the declarations in these two cases were sufficiently full and distinct, and the defendant undoubtedly had the right either to have them made so by amendment, or to have them dismissed, provided it had attacked them at the proper time by special demurrer. Under the principles decided by this court in the case of *Ellison* v. *Georgia R. R. Co.*, 87 *Ga.* 691, we think either of these declarations was sufficient to withstand a general demurrer.   The defendant could not, in our opinion, admit that the husband in the first case, and the wife in the second, was damaged as stated, without at the same time also admitting a substantial right of action in each. The extent of defendant's right, so far as these pleadings are concerned, was to have full, specific and detailed information as to the manner in which the alleged injuries were occasioned, and as to their nature and the consequences resulting from them.   Not having availed itself of this right at the proper time or in the proper way, it could not subsequently dispose of the cases by mere motions to dismiss.   This whole subject, in the case cited, received patient, anxious and most careful attention at the hands of the Chief Justice, who, in the writer's opinion, fully developed and clearly announced the law applicable.   For this reason it is deemed unnecessary to enter more fully into a discussion of the

present cases, but our judgments in them may be safely rested upon the reasoning in that case and the authorities therein cited.

*The judgments in both cases are reversed.*