## SOUTH CAROLINA AND GEORGIA RAILROAD CO. *v.* AUGUSTA SOUTHERN RAILROAD CO.

1. A petition though mainly in the form of an equitable petition is, under the uniform procedure act of 1887, now embodied in the Civil Code, §4937, maintainable as an action at law if it sets forth a legal cause of action.    If it does this in substance, it is good as against a general demurrer or a motion to dismiss in the nature of such a demurrer.    In case such a petition is unnecessarily voluminous, or contains redundant, superfluous, or irrelevant matter, or is not properly paragraphed, or is in any respects not sufficiently clear and distinct, its defects in these respects may and should be reached by an appropriate and timely special demurrer.

2. Where two railroad companies entered into a contract for the lease by one of them of all the property of the other, for the entire period of its corporate existence under its charter and all renewals thereof, the main consideration of the contract operating beneficially for the lessor being "the rents and covenants hereinafter contained to be paid and performed by" the lessee, and where the contract stipulated that the latter was "to have and to hold" during the stipulated time the property of the lessor, the lessee "paying the rents, keeping and performing the covenants here-in contained to be kept and performed on its part as hereinafter stipu-lated," then all of the agreements, promises, and stipulations on the part of the lessee preceding the words last quoted, the keeping of which was essential to a just, fair, and reasonable performance by it of the contract as a whole, should be treated as covenants, whether in the parts of the contract setting forth these agreements, promises, and stipulations they were expressly so designated or not.

3. When in a contract of the nature above indicated it was expressly provided that in case the lessee should at any time fail to pay to the lessor "such sums of money as may be due under the contract, or shall fail to perform any other covenant herein, and such default or failure to perform shall continue for thirty days after written notice requiring such performance, then and in every such case it shall be lawful for the [lessor], at its option, to re-enter into and upon its said line of railway and other property hereby leased and every part thereof, and take possession thereof and have and hold such property, together with all additions and improvements which shall have been made to the same, and all the right, title, and interest whatsoever of the [lessee] in and to said property shall upon such re-entry thereupon wholly cease and determine :" *Held*, that upon a breach by the lessee of any one or more of such agreements, promises, and stipulations as are indicated in the preceding note, it became the right of the lessor to institute an action for the forfeiture of the lease.

4. When among the covenants contained in such a contract there was one for the payment of interest on certain bonds, mere failure to promptly pay such interest would not constitute a ground of forfeiture, if the lessor did not elect to do so when the default occurred, and if before the filing of its petition the interest had in fact been paid.

5. The petition in the present case sufficiently set forth the covenants made by the defendant company, and sufficiently alleged breaches of several of them by the defendant to entitle the plaintiff to institute its action, and the same was in substance good against the motion to dismiss, made at the trial term.

Argued June 21, — Decided July 18, 1900.

Equitable petition.   Before Judge Brinson.   Richmond superior court.   October term, 1899.

*Joseph B. Cumming*, for plaintiff in error.
*Boykin Wright, J. R. Lamar*, and *E. H. Callaway*, contra.

LEWIS, J.   This case was before this court at the October term, 1898, and is reported in 107 *Ga.* 164.   The contract upon which the plaintiff's action was based is set forth fully in that volume; which renders it unnecessary to copy the same again in the report of the case now before us.   After that decision, when the case came on again to be heard before the court below, a motion was made by defendant's counsel orally to dismiss the petition ("the Supreme Court of Georgia having held that said petition did not present any grounds for equitable relief"), on the grounds, first, because there were no proper pleadings to support an action at law; second, because a legal cause of action is not set out.   The court after argument took the motion under advisement, and on January 16, 1900, rendered judgment refusing

said motion to dismiss. On this judgment of the court error is assigned in the bill of exceptions.

1 – 3. It was simply decided in this case, when it was first here, that the contract entered into by these railway corporations was one of lease and not of partnership, and did not establish any trust relations between the parties thereto. The petition seems to be mainly in the form of an equitable proceeding. It was evidently filed under the uniform procedure act of 1887, now embodied in the Civil Code, § 4937. The petition prayed for a decree declaring the lease forfeited, for damages, for a receiver pending the litigation, for an accounting, and for general relief. At the first preliminary hearing had in the case, the trial judge appointed receivers to take charge of the road and operate it until final decree. The lessee excepted to that decision, and the case was brought here for review. In order to obtain the equitable relief sought in the petition, it was contended that, under the contract between the parties, a partnership was created, or at least a trust relation existed between them, and, therefore, equity had jurisdiction. This court held that that was not a correct construction of the contract, and, therefore, equity had no jurisdiction to grant the relief sought; and inasmuch as the judgment excepted to granted equitable relief purely, it was reversed. This court, however, did not decide, nor is there any such intimation in the opinion written by Chief Justice Simmons, that the petition set forth no valid cause of action at law. On the contrary, at the conclusion of the opinion, it was recognized that under our system legal and equitable causes may be joined in one action; yet if the petition contain no equity, the court can not award equitable relief. The further idea is conveyed in the decision in that case that the plaintiff's petition was predicated solely upon matters over which courts of law have jurisdiction. This court has not held, therefore, that no cause of action whatever was set forth in this case ; but simply that the facts alleged did not entitle the plaintiff to the equitable relief sought. The decision was to the effect that the plaintiff made a case at law only, and was not entitled to the extraordinary remedy of a receiver. We think it a well-established doctrine, by the decisions of this court, that a petition brought under the uniform procedure act of 1887 may em-

brace both equitable and legal causes of action; but, because the equitable rights prayed for are denied, it does not follow that the legal rights set forth will not be enforced. We will, therefore, consider briefly the main question involved in the present issue before us, as to whether or not a legal cause of action is set forth in plaintiff's petition upon which the court can grant adequate relief in law.

We call attention to that provision in the contract which is set forth in the petition to the following effect: "In case the South Carolina Company shall at any time fail to pay such sums of money as may be payable by it to the Augusta Company, when the same shall have become payable according to the terms hereof, and such default shall continue thirty days after written demand for payment of the same, or shall fail to perform any other covenant herein, and such default or failure to perform shall continue for thirty days after written notice requiring such performance, then and in every such case it shall be lawful for the Augusta Company, at its option, to re-enter into and upon its said line of railway and other property hereby leased and every part thereof, and take possession thereof and have and hold such property, together with all additions and improvements which shall have been made to the same, and all the right, title, and interest whatsoever of the South Carolina Company in and to said property shall upon such re-entry thereupon wholly cease and determine." Among the charges in the petition it was alleged that the covenant under Article II of the contract was violated by the defendant, in that the rolling-stock and engines of the company had been allowed to get out of repair and run-down without renewing the same, and are in such condition that the business handled has to be done at greatly increased cost and risk to the company; and, in addition to this, good engines and coaches from the Augusta Southern have been taken and put on the main line of the South Carolina & Georgia Railroad and inferior engines and coaches substituted for them, which were unfit for hauling and handling the business of the Augusta Southern to advantage and with economy and safety, etc. The petition also alleges that the agreement under Article III of the contract has been violated, in that the defendant has failed to keep said accounts

therein mentioned in the manner required, and has failed to keep the same open at all times to the inspection of the officers of the Augusta Company, and has failed and refused them the privilege of taking copies and memoranda of them, though so requested to do by petitioner and its officers duly appointed for that purpose; that defendant failed to furnish to the president of the Augusta Company, on the 15th day of September, 1897, and 15th day of March, 1898, a complete statement, as stipulated for, of all the receipts and disbursements received and paid out for the Augusta Company, during the preceding current half years ending June 30 and December 31 respectively; that defendant failed to furnish such a statement at other times, when the same was called for by resolution of the board of directors of the Augusta Company, and failed in compliance with such resolution to submit to the inspection of persons designated by said board vouchers which said board asked to be inspected, in connection with the statement of accounts in the traffic department; and failed and refused to allow said persons so designated to take memoranda and copies thereof, to the injury and damage of petitioner —— dollars.

There were a number of other breaches of the contract alleged against the defendant just as specifically as we have pointed out in the above cases; for instance, in charging a higher rate of interest than was agreed upon for carrying the floating indebtedness of plaintiff company, as provided for in Articles IV, V, VI, and VII of the contract; and by charging interest not paid on bonds. And again, for violating the agreement in Article VIII to make fair and just division of freight and passenger rates; and also by violating a provision in the same article by charging expenses of agents working for both roads, and by allowing the plaintiff to have no voice in fixing insurance upon its property. Following the Article containing the above stipulation is the clause in the contract hereinabove quoted from Article X, which in effect stipulates that if the South Carolina Company shall fail to pay any sums of money that may be payable to the Augusta Company, or shall fail to perform any covenant therein, and such default or failure to perform shall continue for thirty days after written notice requiring such performance, then the South Carolina Company forfeits its rights under the lease, and

plaintiff has a right to the possession of the property. We think the term "covenants," as used in this Article, clearly refers to those agreements just preceding in the contract alleged in the petition to have been violated as above specified; for the keeping of these stipulations and a compliance with the obligations imposed upon the defendant thereby, we think, is essential to a fair and reasonable performance of the contract as a whole, and they should be treated as covenants, whether the parts of the contract setting forth these agreements and stipulations were expressly so designated or not. A material and serious violation of any of these undertakings and obligations on the part of the defendant company would, by virtue of the terms of the contract itself, work a forfeiture of the property leased, and would give the right to plaintiff to recover possession thereof. Upon this point the contract itself is the law of the case. While the petition in this case may contain irrelevant matter and may not properly be paragraphed, yet it does set forth a legal cause of action in substance, and we think, after a careful reading of it, that it is good as against a general demurrer, or a motion to dismiss in the nature of such demurrer. If the first ground of the motion to dismiss means anything more than that a legal cause of action is not set out, the purpose is to attack the form of pleading for some defect which is amendable, and this can not be done by a motion, nor by a demurrer after the appearance term. *Ward* v. *Frick Co.*, 95 *Ga.* 804; *City of Augusta* v. *Lombard*, 101 *Ga.* 724. In *Western Union Tel. Co.* v. *Jenkins*, 92 *Ga.* 398, the principle is announced, that if the declaration is defective in matter of form in failing to make proper or full allegations with reference to the defendant company's negligence, that is a matter for special demurrer. The declaration being good in substance, the court did not err in overruling a general demurrer thereto. In *Printup* v. *Rome Land Co.*, 90 *Ga.* 180, it was decided that "want of certainty and definiteness in setting forth the defense, being a defect of form, would not vitiate the pleas, unless pointed out by special demurrer." See also *James* v. *Atlanta St. R. Co.*, 90 *Ga.* 695, where it was held that though a petition was defective in form at the first term, it should not at the trial term be dismissed on defendant's motion, made on the ground

that the allegations as to the nature and extent of the injuries were too vague, uncertain, and indefinite to put defendant on notice as to the nature of the case to be proved. We think, therefore, the special objections urged by the learned counsel for plaintiff in error in this case as defects in the petition, while many of them might have been taken advantage of by special demurrer, are not, under repeated rulings of this court, good on a motion to dismiss a case at the trial term.

4. Among the covenants contained in the contract in this case, there was one for the payment of interest on certain bonds, which plaintiff alleges to have been violated. It seems that, under Article I of the contract, defendant obligated itself to pay the principal and interest, as they became due, upon a certain series of bonds; and it was charged in the petition it failed and refused to perform said covenant and agreement, by refusing payment of certain coupons on said bonds, although they were duly presented to the defendant for payment by the lawful owners and holders thereof under the terms of the contract of lease, to the injury and damage of petitioner. It further alleged that this failure and refusal continued for many months, to the annoyance and damage of plaintiff. Construing this under the rule that pleadings should be construed most strongly against the pleader, as there is no allegation that these bonds had not been paid before the suit, while the failure and refusal continued for many months, the inference is that defendant finally paid them before any action was taken against it by the plaintiff. If the plaintiff then did not elect to avail itself of its rights growing out of this default while it was in existence, we do not think such a failure to promptly pay this interest would constitute a good ground of forfeiture.

5. We conclude, therefore, that the petition in the present case sufficiently sets forth the covenants made by the defendant company, and sufficiently alleges breaches of several of them to entitle the plaintiff to proceed with this action for the purpose of having adjudicated its rights at law; and there was, therefore, no error in the court overruling the motion to dismiss, made at the trial term.

*Judgment affirmed. All the Justices concurring.*