### KAHRS *et al.* v. KAHRS *et al.*

1. Where during the pendency of an action brought by one as temporary administrator of a named person, alleged to have died intestate, the court, upon written application of the plaintiff, alleging that he, since the institution of the suit, had been appointed as administrator with the will annexed of the decedent, granted an order making the petitioner a party plaintiff in his capacity as administrator with the will annexed, an assignment of error complaining of this action of the court is without merit, when it nowhere appears that the same was taken over the objection of the complaining party, who had been called upon, by a rule nisi, to show cause why such application should not be granted.
2. After such order had been granted, it was not erroneous to strike so much of the defendant's answer as alleged that the decedent had died testate, and that plaintiff had fraudulently procured temporary letters of administration to be granted upon the estate.
3. A plea of set-off, which fails to set out the demand as plainly as if sued on, is insufficient ; and if advantage is taken of its defects by special demurrer, it should be stricken, unless amended.
4. There being no demurrer to the petition, the plaintiffs having proved the case as laid, and the answer as a whole having failed as a defense, there was no error in directing a verdict for the plaintiffs.

Submitted March 1, — Decided April 24, 1902.

Foreclosure of mortgage.    Before Judge Brinson.    Richmond superior court.    July 13, 1901.

John H. Kahrs as temporary administrator of Diedrich Kahrs, John H. Kahrs individually, Daniel H. Kahrs, Nicholas Kahrs Jr., George D. Kahrs, Maria Vonderleith, formerly Kahrs, and Wilhelmina C. Vonderleith, formerly Kahrs, as the children and heirs at law of Diedrich Kahrs, brought their petition to the April term, 1900, of the superior court of Richmond county, against Nicholas Kahrs and Anna C. Kahrs, to foreclose, in equity, a mortgage upon certain described realty, executed by the defendant, Nicholas Kahrs, which mortgage recited that the mortgagor was "indebted to the executors and administrators, heirs and assigns" of Diedrich Kahrs, deceased, "in the sum of eight thousand dollars, with interest thereon, payable annually, of five per cent., on the sixth day of August of each current year;" and that the mortgage was given "to faithfully secure to the representatives of the estate of Diedrich Kahrs, dec'd, the aforesaid sum of eight thousand dollars, with interest as aforesaid." The petition alleged that the mortgagor, Nicholas Kahrs, had, after the execution and record of the mortgage, conveyed the property to his wife, Anna C. Kahrs. Defendants, at the appearance term, filed the following plea in abatement: "That the plaintiffs ought not to have and maintain their action, because these defendants say that the said Diedrich Kahrs did not die intestate as in said petition alleged; that the said Diedrich Kahrs died testate, and his will has been duly admitted to record in the proper office in Germany, and these plaintiffs who are legatees under said will have received in part their legacies from the foreign executors of said will." Pending this plea John H. Kahrs filed his petition, setting out that such foreclosure proceedings had been brought, and that since the filing of the plea he had been appointed administrator with the will annexed of Diedrich Kahrs, and praying that a rule nisi issue to Nicholas Kahrs and Anna C. Kahrs, requiring them to show cause why petitioner, as such administrator with the will annexed, should not be made a party plaintiff to the original petition. It is stated in the bill of exceptions: "That on January 7, 1901, and during the October term, 1900, of said superior court, said rule nisi came on to be heard before said judge, and, after argument thereon had, said judge . . granted a rule absolute that John H. Kahrs, administrator with the

will annexed of Diedrich Kahrs, be made a party plaintiff to above-stated petition." On March 9, during the same term, defendants tendered their exceptions pendente lite, excepting to the issuance of the "rule nisi" and the granting of the "rule absolute," which were certified by the judge and ordered to record.

The answer of Nicholas Kahrs contained the following paragraphs: 1. "Answering paragraph 1 of said petition, this defendant denies that John H. Kahrs was duly appointed temporary administrator of the estate of Diedrich Kahrs, and says that said alleged appointment was collusive and void, said Diedrich having died testate and his will having been duly proven, and said John H., well knowing the same but fraudulently concealing said information from said court of ordinary, and by imposition on said court, by representing that said Diedrich died intestate, obtaining said appointment." (11) "Further answering, this defendant says that on May 18th, 1869, this defendant and said Diedrich Kahrs and one George Kahrs (who up to that time had been copartners under the firm name of George Kahrs & Bros.) dissolved said partnership and the total assets of said partnership were $79,422.93, and within a few days thereafter, to wit, on May 22nd, 1869, said Diedrich Kahrs (who was then about to leave Georgia to take up his residence in Germany, and who thereafter continuously resided in Germany up to his death, in said country, on December 3, 1887) duly appointed this defendant his agent and attorney in fact to attend to all his business of any and every kind whatever in Georgia while he remained abroad." (12) "That by his last will, as made on December 1st, 1887, said Diedrich specifically provided that this defendant should continue to act as agent as aforesaid, in reference to all property of said Diedrich in Georgia, until the estate of said Diedrich was finally wound up, said will providing that the same should not be wound up until after the youngest child of said Diedrich became of age, which happened on January 3, 1899; and the executors and children of said Diedrich recognized and dealt with this defendant as the continuing agent of said Diedrich under said power of attorney and said will thence hitherto, and in this proceeding are seeking a final accounting with this defendant as such." (13) "That as said agent this defendant has up to this time paid to or for the use of said Diedrich and his executors the sum of $68,823.86, and there has not yet been a general and final account-

ing."    (14) "That the net amount of said Diedrich's one-third interest in said assets of said firm of George Kahrs and Bros., collected by this defendant at numerous periods from 1869 to 1899, was $23,447.92, and said sum of $68,823.86, so as aforesaid paid to or for said Diedrich and his executors, represents said one-third interest and the profits made thereon by the exertions of this defendant continuously from 1869 to 1899."    (15) "That for said services from 1869 to 1899 this defendant has never received any compensation whatsoever, and says that said services are reasonably worth twenty per cent. on said sum of $68,823.86.    Wherefore this defendant prays:    (a) That there be a final and general accounting between him and plaintiffs as to all matters and things within the scope of said agency for said period.    (b) That this defendant have judgment in his favor for twenty per cent. on said sum of $68,823.86, less any amount that upon said accounting may be found due plaintiffs from this defendant."

This answer was subsequently amended as follows: "That in the years, 1874, 1875, 1876, and 1877, this defendant [N. Kahrs] as the agent of plaintiffs' testator, invested the sum of $3,347.50 of the money of said testator, then in this defendant's hands as his agent, in Georgia Railroad stock, and as such agent sold the same on the 3rd day of August, 1887, for the sum of $7,980.00, and that sum $7,980.00, with the dividends on said stock, is the consideration of the debt sued on.    That said Diedrich Kahrs, desiring to invest the same, loaned the same to this defendant; that this defendant therefor gave him his note, dated August 6th, 1887, for the sum of $8,200.00, due two years after date.    That said transaction between said principal and said agent was not had as for and in a general settlement and accounting of said agency between said principal and said defendant, but simply and solely as an investment of said principal's money, as if said agent had loaned the same under his power of attorney to a third party.    That after the death of said Diedrich Kahrs, the mortgage sought to be foreclosed was made to secure that debt and none other, and that said mortgage, with all other property of said principal's estate in the hands of this defendant, save an unascertained balance of old partnership assets, were turned over to the legal representatives of the late Diedrich Kahrs."    The answer of Anna C. Kahrs, in so far as it is material, was substantially the same as that of Nicholas Kahrs.

At the April term, 1900, the plaintiffs filed the following motion :. "And now come the plaintiffs  .  .  and move to strike from the answer of Nicholas Kahrs: 1. Paragraph 1, for the reason that paragraph 1 is irrelevant, and has no connection with the case. 2. To strike paragraph 11, for the reason that the same contains statements which have no bearing on this case, and treats of matter irrelevant; and because defendant fails to attach to his answer an exhibit of the power of attorney, by which he alleges to act as agent and attorney in fact. 3. To strike paragraph 12, because plaintiff fails to set forth the will or the part of the will of Diedrich Kahrs which defendant alleges provided that he, the said Nicholas Kahrs, should continue to act as agent; and because, if the power of attorney did exist, it was revoked by the death of said Diedrich Kahrs. 4. To strike paragraphs 13 and 14 of said answer, because the same are too vague and indefinite, and do not set forth an itemized statement and bill of particulars of said $68,823.86, and fail to set forth definitely the time of payments, and the various amounts paid to Diedrich Kahrs, and the various amounts paid to executors; the whole being entirely too vague and indefinite to be answered. 5. To strike paragraph 14, for the further reason that said paragraph is contradictory and indefinite, which makes it impossible for plaintiffs to answer; and for the reason that he fails to allege the particular items of services rendered, the time of rendition, and the character of the services rendered ; and the failure to attach a bill of particulars showing the time and amounts of the various amounts collected. 6. To strike paragraph 15, for the reason that it fails to set forth an itemized bill of particulars setting forth the time and the various amounts collected for D. Kahrs and for the estate of D. Kahrs, and because the defendant does not have any claim against the estate for any money collected prior to the death of Diedrich Kahrs, the claim for commission being barred by the statute of limitations, said claim being also barred as to any collection made four years prior to the filing of said answer. Wherefore the plaintiffs pray said paragraph be stricken from the said defendant's answer." Upon this motion, the judge passed the following order: "The foregoing objection to paragraph 1 is hereby sustained, and said paragraph 1 of defendant's answer is stricken. The objections to paragraphs 13 and 14 are hereby sustained to this extent, viz., that no account for services as agent can be al-

lowed as a set-off for a time greater than four years before the commencement, inasmuch as said account is barred by the statute of limitations. The objections as to indefiniteness and failure to file bill of particulars are also sustained; and unless defts. amend by attaching a statement of what services were rendered and the dates thereof, the same are ordered stricken." The answer was not further amended. Upon the trial the court, upon motion of plaintiffs, struck the plea in abatement, and, after hearing evidence in behalf of the plaintiffs — the defendants submitting no evidence, directed a verdict for the plaintiffs. The defendants made a motion for a new trial, which was overruled. They excepted to this judgment, and assigned error upon the exceptions pendente lite. There was no exception to the striking of the plea in abatement.

*Salem Dutcher* and *F. W. Capers*, for plaintiffs in error.
*J. R. Lamar*, contra.

FISH, J. 1. There is no merit in the assignment of error in the exceptions pendente lite, to the effect that the court erred in allowing John H. Kahrs, as administrator with the will annexed of Diedrich Kahrs, to be made a party plaintiff to the action; for the reason that it nowhere appears what objection, if any, was made by the defendants to the granting of the order making him such party, when it was taken. The record discloses that they had ample opportunity to object, had they seen fit to do so, as they were called upon by a rule nisi to show cause why he should not be made such party plaintiff. The bill of exceptions states that the "rule absolute" was granted after argument, but what objection was urged in the argument against the granting of the "rule absolute" is not stated.

2. Our ruling upon this assignment of error disposes of the complaint, made in the motion for new trial, that the court erred in striking the first paragraph of the answer of Nicholas Kahrs, which was, in substance, that Diedrich Kahrs died testate and that John H. Kahrs fraudulently procured letters of administration to be issued upon the estate. The answer was stricken after the order had been granted making John H. Kahrs, as administrator with the will annexed, a party plaintiff; and whether or not, as an abstract proposition, a temporary administrator, when a party to a case, can be succeeded therein by a permanent administrator with the will

annexed, the defendants here were concluded by the order, which was granted without objection by them, permitting this to be done. As the suit was then proceeding in the name of the administrator with the will annexed, it is immaterial whether or not he had been properly appointed temporary administrator.

3. As appears from paragraphs 11, 12, 13, 14, and 15 of the answer of Nicholas Kahrs, he claimed to have acted as the agent of Diedrich Kahrs from May 22, 1869, to January 3, 1899; that, although Diedrich died in 1887, his will provided that defendant should continue to act as agent of the testator until the youngest child should become of age, which occurred on January 3, 1899, and that the executors of the testator and his children had recognized and dealt with defendant as the continuing agent of Diedrich since his death; that from 1869 to 1899 defendant had paid Diedrich and his executors the sum of $68,823.86; that defendant was entitled to twenty per cent. as commissions on this sum, for which he prayed judgment, on a general accounting. The plaintiffs made a written motion, which was in the nature of a special demurrer, to strike so much of this answer as sought to plead as a set-off the sum which Nicholas Kahrs claimed to have paid the plaintiffs' testator and his executors, upon the ground that the answer failed to set forth an itemized statement or bill of particulars, definitely showing the time of payments and the various amounts paid, respectively, to Diedrich and his executors. The court granted an order striking this portion of the answer, unless defendant should amend by attaching a bill of particulars. No such amendment was made. The exception by the defendants to this ruling of the court can not be sustained. The plaintiffs had the right to call for an itemized statement of the various amounts paid, showing when and to whom they were paid. "Every plea of set-off must set out the demand as plainly as if sued on" (Civil Code, §5084), "and in every case where the plea of set-off shall be filed, a copy of the set-off shall be filed at the time of filing the answer" (Rule 11, Superior Courts, Civil Code, § 5642). Moreover, "A plea of payment which fails to allege with reasonable certainty when, how, and to whom the payment was made, is insufficient ; and if advantage is taken of its defects by proper demurrer, it should be stricken, unless amended." *Wortham* v. *Sinclair*, 98 *Ga.* 173. Another assignment of error was upon the ruling of the court, that defendant, Nicholas Kahrs, could not re-

cover for any services rendered as agent prior to four years before the commencement of the plaintiffs' action. As the whole defense of set-off was properly stricken, for the reasons above stated, it can make no difference whether the judge erred in this ruling or not. Defendants further complain that they had in court, when the case was tried, a bill of particulars which they were ready to attach to the answer, and would have attached to the same but for the ruling of the court on the question of limitation. No offer was made, however, to amend the answer by attaching the bill of particulars, and we can not see that the reason given for failure so to do constituted a valid excuse for the omission.

·4. There was no demurrer to the petition; no question of misjoinder of parties; the plaintiffs proved the case as laid; the answer as a whole failed as a defense, and there was no error in directing the verdict, or in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*