BUCKEYE BUGGY COMPANY *v.* DICKEY, survivor.

1. In an action for goods sold and delivered, in which a bill of particulars is attached to the petition, the plaintiff is not held to strict proof as to the date of the sale as set forth in the bill of particulars.

2. The action being in effect one for goods sold and delivered, and there being

sufficient evidence to make a prima facie case at least as to some of the articles contained in the bill of particulars attached to the petition, it was error to grant a nonsuit.

Submitted February 4, — Decided March 4, 1905.

Complaint.    Before Judge Reid.    City court of Atlanta.    April 13, 1904.

*Culberson & Johnson*, for plaintiff.
*Westmoreland Brothers*, for defendant.

COBB, J. The Buckeye Buggy Company sued Dickey as surviving partner of a firm, upon an account.    The bill of particulars attached to the petition was as follows:

"Dickey Carriage Company, Dr. To Buckeye Buggy Company. 1901.

| | |
|---|---|
| Apl. 2. For two top buggies, rubber tired, style No. 106 at $135.00 . . . . . . . . . . . . . . . | 270.00 |
| Apl. 5. For 1 Phaeton, style No. 40 . . . . . . . | 137.50 |
| Apl. 5. 1 top buggy, style No. 106 . . . . . . . . | 102.50 |
| | $ 510.00 |
| Interest to Feb. 10, 1903. . . . . . . . . | 41.95 |
| | 551.95." |

The defendant answered, denying that he was indebted to the plaintiff in any amount, and further pleaded that the third item in the account had been paid, and that as to the other items the property had, on February 9, 1902, been taken out of his possession under attachment proceedings instituted by the plaintiff against his firm, and that he was thereby exonerated from paying for the same. At the trial the judge granted a nonsuit, and error is assigned upon this ruling, upon the refusal to allow an amendment to the petition, and upon the rejection of certain evidence. It appeared from the evidence that on April 5, 1901, the defendant made a written proposal to the plaintiff to sell its goods, stipulating that goods were to be shipped on consignment, but that all goods on hand May 1, 1902, which were then unsold or unsettled for, might, at the option of the plaintiff, be treated as having been purchased as of that date at the invoice price of the goods. On the same day the defendant's firm sent to the plaintiff an order for the two items in the account sued on dated April 5.

The proposal was accepted in writing by the plaintiff on April 9, and the articles mentioned in the order of April 5 were shipped to the firm. The present suit was filed on February 10, 1903. We think the evidence was sufficient to make out a prima facie case as to the items of April 5. The suit was in effect for goods sold and delivered, and the plaintiff was not held to strict proof as to the date of sale, and evidence of a sale at any time prior to the filing of the suit would be sufficient to establish these allegations; certainly if the date of the sale so proved was within the statute of limitations. The evidence was sufficient to show that the articles had gone into possession of the defendant's firm, and until the contrary appeared it was to be presumed that they were still in its possession on May 1. The contract did not provide for any particular character of notice from the plaintiff that it had exercised the option therein. A suit for the value of the goods at the invoice price was a sufficient notice that it had exercised this option, and also a sufficient demand, if any demand was necessary. In addition to this, the petition alleged that the defendant had failed and refused to pay, and this allegation was not denied in the answer. We think this evidence was sufficient to call upon the defendant to show either that he had paid for the goods or had sold them and accounted for the proceeds, or that the same had been reclaimed by the plaintiff, or some other valid reason for avoiding the liability which the reception of the goods and the lapse of time had apparently placed upon him. The amendment to the petition, which the court disallowed, related to the other items in the account, and merely set forth the mode and manner by which it was expected to prove a sale and delivery of the articles mentioned in these items. It did not set forth a new cause of action, but simply had the effect to put the defendant on notice of how it was expected to prove the cause of action already alleged, that is, a sale and delivery of the buggies. While the amendment probably was not necessary to admit evidence of the facts therein alleged, it should have been allowed. If the plaintiff had proved that the two buggies were sold to Oxford & Beatty for the account of the defendant's firm, and not for their own account, the case would have been made out as to these buggies, the transaction being in effect a sale by the plaintiff to the defendant's firm and a resale to Oxford &

Beatty, the credit being extended by the plaintiff, not to Oxford & Beatty, but to the defendant's firm.

The contract of 1900 between the plaintiff and the defendant's firm was irrelevant and was properly excluded from evidence, but the letters from the firm to the plaintiff were admissible as tending to throw light on the question as to whether the sale to Oxford & Beatty was in behalf of the defendant's firm or in behalf of the plaintiff without reference to that firm. The letter from the plaintiff to the defendant's firm on August 24 was properly excluded. The order of April 2 for two buggies, signed both by the Dickey Carriage Company and Oxford & Beatty, should have been admitted in evidence. The stipulation between counsel on the trial of the former case between the same parties was irrelevant at the stage of the case at which it was offered, but it may become relevant at the trial in reply to the claim of the defendant in his plea that some of the items in the account were embraced in the former suit. We do not mean to say that the evidence in the present record, taken as a whole, both that admitted and that which was rejected, would be sufficient to make a prima facie case as to the items of April 2; but upon another trial this evidence should be admitted together with any other that might throw light on the question as to what was the truth of the transaction in reference to the buggies shipped to Oxford & Beatty. But as the evidence was sufficient to make a prima facie case as to the items of April 5, it was error to grant a nonsuit in the case. The case should have been submitted to the jury and their investigations limited to these items. If at the trial it should appear that prior to May 1, 1902, the plaintiff had caused the articles in the account to be seized on an attachment in its favor against the defendant's firm and that on that date the firm was not in possession of the articles, the plaintiff would not be entitled to recover; for its recovery upon the theory of goods sold and delivered depends absolutely upon possession by the defendant's firm on May 1, or a sale by them prior to that date; and if the plaintiff had caused the goods to be taken out of the firm's possession before the time arrived for the option in the contract to be exercised, then the defendant could not be held responsible under the contract in an action for goods sold and delivered. *Judgment reversed. All the Justices concur.*