## 1305.   Groves v. Sexton.

Russell, J.   1.   A plea of payment which fails to allege with reasonable
certainty when, how, and to whom the payment was made is insuffi-
cient, and, unless amended, should be stricken, upon demurrer, timely
filed, specifically pointing out these defects.

2.   In pleading fraud, the specific facts constituting fraud must be stated.
The averment of fraud must not depend upon conclusions, but the con-
clusion must arise from the full, certain, and explicit statement of
the facts relied upon to show fraud.

3.   There was no error in sustaining the demurrer.   *Judgment affirmed.*

Complaint, from city court of Macon—Judge Hodges.   June
13, 1908.

Argued October 29,—Decided November 10, 1908.

The action was by Marie W. Sexton against Mrs. W. C. Groves
as maker of a promissory note payable to the order of Thomas F.
Beytaugh.   The court, on demurrer, struck the defendant's plea,
and judgment was rendered for the amount of the note ($251.50
and interest, and 10 per cent. thereon as attorney's fees).   She
excepted to the judgment sustaining the demurrer.

The demurrer was on the grounds, that the plea is insufficient in
law, that it fails to set forth with certainty and particularity the
alleged fraud and misrepresentation, and that, so far as it at-
tempts to set up a partial payment, it is insufficient because it
fails to allege when, by whom, and where the payment was made.
Those parts of the plea which relate to fraud and to payment are:
"2.   Defendant denies the second paragraph of said plaintiff's
petition [alleging execution and delivery of the note], and says
that a note signed by the defendant was signed under misrepresen-
tation.   Defendant thought she was signing a note for $100, in-
stead of one for $250.51.   Defendant says that one Mr. Thomas
Beatey came to her and represented to her that he could settle
the cases against her husband, W. C. Groves, charged with selling
liquor and gambling, for the sum of $100, and that she signed the
note, thinking it was for $100, in order to settle the cases against
her husband for gambling.   3.   Defendant says that the note was
obtained by fraud and misrepresentation on the part of Beatey,
and she pleads fraud and says she ought not to be made to pay
this note.   She says further that she has made a payment on this
note of $60 which she thought was for $100, leaving a balance due

on the note of only $40, which she is now ready to pay.   .   .
Defendant now   .   .   pleads fraud and prays the judgment of
the court in her favor."

Citations by counsel: *Ga. R.* 98/173; 6/427; 68/637; 79/391;
92/785; 101/741; 110/891; 113/149.

*John R. Cooper,* for plaintiff in error.

*Walter J. Grace, E. W. Maynard,* contra.