## 3656. PRINCE & SONS v. COCHRAN & SONS.

1. Where suit is brought on a promissory note, and the defendant's plea is stricken and judgment entered up against him for the full amount sued for, a bill of exceptions containing a general exception to the final judgment, and an exception to, and a specific assignment of error upon, the ruling striking the plea, sufficiently brings into question the correctness of the ruling.
2. As against an oral motion to dismiss, made at the trial term, a plea to a suit upon a promissory note, distinctly alleging that the defendants have paid to the plaintiffs, either in cash or its equivalent, more than the amount sued for, and that the overpayments were made through mistake and in ignorance of the sum really due on the note at the time the overpayments were made, is good, both as a plea of payment and as a cross-action to recover the overpayments.

DECIDED FEBRUARY 12, 1912.

Complaint; from city court of Cairo—Judge Singletary. July 20, 1911.

*J. Q. Smith,* for plaintiffs in error.

*Roscoe Luke, R. C. Bell, Ira Carlisle,* contra.

POTTLE, J. This was a suit upon two promissory notes. The defendants filed a plea setting up that they had paid the plaintiffs more than the amount due on the notes, by $210.75. It was alleged that the different amounts had been paid to the plaintiffs from time to time upon designated dates, but that the plaintiffs had failed to credit these payments on the notes sued on. It was further averred that the overpayments had been made through mistake and in ignorance of the amount really due. The defendants prayed that they might recover from the plaintiffs the amount thus overpaid. On oral motion at the trial, the judge struck the defendants' pleas and entered judgment for the full amount sued for. Their bill of exceptions contains a special assignment of error on the judgment striking the pleas. Error is also assigned upon the refusal of the court to allow the pleas to be amended "in any respect whatever," but it is not alleged that any amendment was offered, and no copy of the proposed amendment is set out in the bill of exceptions or attached thereto as an exhibit. The bill of exceptions recites that after striking the defendants' pleas, the court rendered a judgment for the full amount sued for, "to which judgment defendants then and there excepted and now except and assign same as error."

1. A motion to dismiss the writ of error, has been made, upon the ground that the assignments of error in the bill of exceptions

are not sufficiently specific. There is no merit in this motion. The proper practice in such cases was laid down by the Supreme Court in the case of *Lyndon* v. *Georgia Ry. & Elec. Co.*, 129 *Ga.* 353 (58 S. E. 1047), to the effect that where there is an exception to a final judgment, exception may also be taken to any antecedent ruling made during the trial. Of course, a judgment for the full amount sued for was the inevitable result of the antecedent ruling striking the defendants' pleas, and the real complaint of the plaintiffs in error is, not that final judgment was entered, but that their pleas were stricken. As we understand the ruling of the Supreme Court in the *Lyndon* case, supra, the assignments of error in the present bill of exceptions are sufficient to bring before this court the judgment striking the defendants' pleas. The exception to the refusal of the court to allow the defendants to amend will not be considered, because no amendment is set out in the bill of exceptions or attached thereto as an exhibit.

2. Upon special demurrer, a plea of payment is bad, unless it alleges when, how, and to whom payment is made. *Kahrs* v. *Kahrs*, 115 *Ga.* 288 (41 S. E. 649). But there was no special demurrer in this case. As against a general demurrer or an oral motion to dismiss, made at the trial term, upon the ground that no defense is set forth, a plea of payment is good which alleges in distinct terms that the defendant has paid to the plaintiff in cash or its equivalent the full amount of the note sued on. The plea in the present case was certainly good as a plea of payment. We are also of the opinion that as against an oral motion to dismiss, the plea and prayer, in so far as a recovery is sought for overpayments, is good. The defendants allege that the money was paid through mistake; that they did not have access to their notes, and, the proper credits not having been made by the plaintiffs from time to time, they were unable to tell just what amount was due on the notes. This plea was subject to special demurrer; but we do not think that it should have been dismissed upon oral motion made at the trial term. *Judgment reversed.*