5642.  EPSTEIN & BROTHER COMPANY *v.* THOMAS.

1. It is the duty of a court of final review to consider exceptions so stated as to suffice to show what errors are complained of. An exception in which it is stated that the plaintiff excepts "to the judgment of the court overruling plaintiff's demurrers to defendant's answer, and to the ruling of the court overruling plaintiff's motion for new trial, . . . and assigns error thereon, and says that the court erred in overruling said motion for new trial on each and all of the grounds therein stated, and erred in overruling plaintiff's demurrers, and shows that said ruling is contrary to law," is equivalent to a separate assignment of error upon each order and ruling complained of, and is a sufficient assignment as to each.

2. The general demurrer to the defendant's answer is not sufficiently specific to present for consideration an error, apparently clerical, on the part of the defendant in misnumbering in his answer certain paragraphs of the plaintiff's petition.

3. A plea of payment which, while alleging the person to whom the alleged payments were made, nevertheless fails to allege when and how they were made, with such reasonable certainty as to enable the opposite party to prepare to meet the plea, is insufficient, and, if advantage is taken of these defects by proper demurrer, it should be stricken, unless amended. A general demurrer, directed to a plea as a whole, is not sufficiently specific to require the court to strike the entire plea, if any part is good.

4. There was evidence which authorized the verdict, and it was not error to overrule the motion for a new trial.

DECIDED FEBRUARY 6, 1915.

Complaint; from city court of Cairo—Judge Singletary. April 3, 1914.

*Will H. Krause, John R. Wilson,* for plaintiff.
*Bell & Weathers,* for defendant.

RUSSELL, C. J.  I. Epstein & Brother Company, alleging that it was the purchaser of the accounts and other choses in action of J. M. Vereen, a bankrupt, brought suit upon open account against W. R. Thomas, alleging an indebtedness upon his part on an unpaid balance of an account running from September 1, 1908, to February 3, 1911, of $394.50.  Attached to the petition was a statement purporting to set forth each item of the defendant's purchases, with sundry credits of cash and of articles of farm produce. The defendant filed a sworn answer, in which he admitted only the allegations of the first paragraph of the petition, in regard to jurisdiction.  Paragraphs 2 and 3 of the answer respectively state that they are in answer to paragraphs 1 and 2 of the petition, but it is plain, from the contents of these paragraphs of the answer, that they are really responsive to paragraphs 2 and 3, and that the use of the words "one" and "two" was a mere clerical mistake of the scrivener.

In paragraph 5 of the answer the defendant attempted to plead payment, as follows:  "Defendant says that if he ever owed J. M. Vereen any such account as the one sued on, it has been long ago fully paid; defendant having paid to said J. M. Vereen all that he owed him for the period covered by said account, some of the payments being made during said period and some possibly shortly after the last date of said account; some of the payments were made in cash and some by check; defendant has destroyed his vouchers covering said period, thinking he would never have any use for same, and kept no books of account of the transactions with the said J. M. Vereen, took no receipts for payments made, and can not, therefore, solely from memory, give the times of payment, nor the amounts of the payments, but all were made to said J. M. Vereen, and satisfied all the demands of the said J. M. Vereen covering the period of said account.  Said payments were made prior to any bankruptcy by J. M. Vereen.  Defendant remembers one credit as follows:  When J. M. Vereen went into business about four years ago he owed defendant $80, which was to be placed to defendant's credit and to offset purchases by defendant.  Such credit was never made.  If the books of said J. M. Vereen showed the proper credits, they would verify all the allegations of this petition."  In paragraph 6 the defendant pleaded the statute of limitations as to items amounting to $60.10 of the account, including all items down to November 29, 1908.

The plaintiff demurred generally to the defendant's answer, upon the ground that it failed to set up a legal defense, and demurred specially to paragraph 5, above quoted, for the reason that it failed to set forth the dates and amounts of the payments, and failed to allege which payments were made by checks and which in cash. The plaintiff demurred also upon the ground that the plea was not sworn to. The court overruled the demurrer. The trial resulted in a verdict in favor of the defendant, and the plaintiff moved for a new trial upon the usual general grounds. Exceptions pendente lite to the ruling upon the demurrer were preserved, and exception is taken to the refusal to grant a new trial.

1. The defendant in error filed a motion to dismiss the bill of exceptions, upon the ground that the following assignment of error is insufficient: "To the judgment of the court overruling plaintiff's demurrers to the defendant's answer, and to the ruling of the court overruling plaintiff's motion for new trial, the plaintiff excepted, now excepts, and assigns error thereon, and says that the court erred in overruling said motion for new trial, on each and all of the grounds therein stated, and erred in overruling plaintiff's demurrers, and shows that said ruling was contrary to law." The motion to dismiss the bill of exceptions is not meritorious. Under the mandate of the General Assembly, we must decline to dismiss the case if "there is enough in the bill of exceptions or the transcript of the record presented, or both together to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided therein." Civil Code, § 6183. It is very plain to us that the plaintiff in error is presenting for adjudication two distinct questions, though they are stated together; and the error complained of in each instance, without regard to the merits of the contentions, is quite apparent. In the assignment of error it is stated, in effect, that the court erred in overruling the motion for new trial for each and all of the reasons stated in the motion, which is a part of the record. In connection with this (though the assignment could more properly have been made in another part of the bill of exceptions) the plaintiff in error alleges that the court "erred in overruling plaintiff's demurrer, and shows that said ruling was contrary to law." Since the demurrer is in the record, the court can refer to the record for the merits of this contention. The present motion to dismiss seems to be very

similar to that in *Burns* v. *Horkan,* 126 *Ga.* 161 (54 S. E. 946), in which the point was made that the plaintiff in error was attempting in one assignment to assign error on two separate and distinct orders of the court below, one the order sustaining the demurrer of Taylor, and the other sustaining the demurrer of Horkan; and the court held that this was equal to separate assignments of error upon each of these orders, and was a sufficient assignment as to each.

2. The error of the defendant in misnumbering the paragraphs of the plaintiff's petition which he sought to answer could have been corrected by the filing of a proper special demurrer, but the general demurrer to the answer was ineffective to present the point to the court, and hence there was no error in overruling it. When the contents of the second and third paragraphs of the answer, in which certain paragraphs of the petition are erroneously referred to as paragraphs 1 and 2, are considered, it is very plain that these paragraphs of the answer are directly responsive to paragraphs 2 and 3 of the petition, and that the use of the words "one" and "two" was a mere clerical error. That this is true is rendered more plain by the fact that paragraph 1 of the petition is admitted in paragraph 1 of the answer, and paragraph 4 of the petition is denied by paragraph 4 of the answer.

3. Nothing is better settled than that a plea of payment must state when and how, and to whom, the alleged payment was made, unless the omission to do so is waived by failure to demur. It has frequently been held that a mere general statement that the plaintiff's demand has been fully paid will not suffice as against a special demurrer calling for such specific information as would enable the plaintiff to disprove the plea of payment. In the present case the defendant alleged the person to whom the payments were made (for it is stated in the plea that all the payments were made to J. M. Vereen), and the defendant gave a reason for his inability to state the exact times of the several payments, and the respective amounts, which addressed itself to the discretion of the court. Conceding that a good plea of payment must declare the time, place, and circumstances of the payment, as well as to whom it was made, it is nevertheless true that this definiteness of statement is required merely in order not to deprive the opposite party of the substantial right of disproving the alleged payments; and cases may arise

where, from the lapse of time and the habit of a large proportion of the people not to keep books of account (for which, indeed, there is perhaps no real necessity when they are not engaged in active business), one sued upon an account, though having absolute knowledge that the alleged indebtedness has been paid, and though able to substantiate this by some circumstance, the date of which he can not recall, might be deprived of a defense. The principle to which we refer is indirectly adverted to and impliedly asserted by Judge Powell in *Atlantic Coast Line R. Co.* v. *Hart Lumber Co.,* 2 *Ga. App.* 88 (3), 90 (58 S. E. 316). In the present case the defendant asserted that all the payments were made to J. M. Vereen; and therefore he complied with one of the requisites of a plea of payment. The fact that he was unable to state the time and place and amount of each payment did not give the defendant any advantage over the plaintiff, but rather placed the defendant at a disadvantage, especially if Vereen should testify positively that no such payments were made; because the jury would be likely to discredit the defendant's testimony unsupported by any definite indicia corroborating his mere statement, when the books of account could be introduced to fortify Vereen's statements contradictory of his own. Under the ruling in *Atlantic Coast Line R. Co.* v. *Hart,* supra, the reasonableness of the excuse for being unable to give the exact dates of his payments was addressed to the discretion of the trial court, and the court's exercise of its discretion in the present instance does not seem to have been harmful to the plaintiffs in the lower court. But even though the court may not have been authorized to overrule the demurrer for the reason just referred to, still the plaintiffs in error can not complain because the court did not sustain their demurrer, for it was not sufficiently specific to point out the real defect in paragraph 5, and merely attacked the paragraph as a whole, when at least a part of the paragraph was not subject to demurrer. That part is the part that alleges a prepayment which should have been entered to the defendant's credit at the time Vereen went into business, and as to which the defendant alleges no credit was ever given him. To this extent the plea was good as against a general demurrer directed to the plea in its entirety, whether it be treated as a plea of payment or as set-off, for the same rule as to definiteness of statement is applicable to both. The statement as to this $80 fixes the time, it being stated that this amount was a subsisting debt at the time Vereen went into business

"four years ago," and that there was an express agreement that this amount was to be placed to the defendant's credit and be consumed by purchases by him, and in accord and satisfaction of this amount of any purchases to be made by him. If the plea stated the truth as to this, it stated the amount, the time of payment, the manner of payment, and the person to whom the payment was made, thus fully complying with the well-settled rule as to definiteness in allegations of payment. The plaintiff having demurred to the paragraph as a whole, his demurrer was ineffectual if any portion of this paragraph of the answer was good. *Baer* v. *Christian,* 83 *Ga.* 322 (2), 324 (9 S. E. 790) ; *Prince* v. *Cochran,* 10 *Ga. App.* 495, 496 (73 S. E. 693). For this reason, as well as for the reason previously stated, it was not error to overrule the demurrer.

4. On the trial the plaintiff introduced J. M. Vereen to substantiate the correctness of the account, but no books of original entry were offered. The witness Vereen testified that the statement of account attached to the suit was not prepared by him. He swore further that the items of the account were correct, but as to many of them he did not claim to have any recollection, though he testified positively to a few items to which his attention was specifically called. The defendant testified, that while he could not remember the dates of the different payments made by him, and he had destroyed his cancelled checks, representing some of the payments, he had made numerous payments, some of which he instanced, in addition to the $80, which should have been placed to his credit before any purchases were made, one of these items being $40 paid shortly before Vereen, his original creditor, went into bankruptcy. He further testified (in substantiation of his statement that the payments made by him settled his indebtedness) that he quit trading with Vereen several months before Vereen became a bankrupt, and that neither before nor after the payment of $40 was any demand for payment made upon him by Vereen or by the trustee in bankruptcy, and no demand was made by the present plaintiff before the filing of the suit. The evidence was in conflict; and, there being no error of law assigned upon any ruling other than the judgment overruling the demurrer to the answer, we can not hold that the court erred in refusing to set aside a verdict which the jury evidently based upon the superior credibility to them of the defendant's testimony to that offered in behalf of the plaintiff.

*Judgment affirmed. Broyles, J., not presiding.*