24246. HOWARD INCORPORATED v. NALLEY & COMPANY.

GUERRY, J. 1. The law of this case was settled in a prior decision of this court. See *Howard Inc.* v. *Nalley*, 44 Ga. App. 311 (161 S. E. 380).

2. "An error in the admission of testimony tending to support a fact over which there is no conflict in the evidence is immaterial." *Niagara Fire Insurance Co.* v. *Williams*, 1 Ga. App. 603 (57 S. E. 1018). The defendant pleaded in the instant case that the contract sued on was induced by fraud on the part of the plaintiff in falsely representing that the plaintiff's agent "had sold a like order" to a competitor in the business, and that it was necessary for the defendant to purchase the goods in order to compete fairly with his competitor, and this court held that such statement "was a material representation of fact, such as would, if false and relied upon by the defendant, to his damage, constitute fraud." *Howard Inc.* v. *Nalley*, supra. Plaintiff objected to evidence by the defendant that his competitor told him that he was not using any such system, upon the ground that it was hearsay. However, it appears that there was no conflict in the evidence as to the fact that the competitor of defendant had not entered into such a contract; the plaintiff not contending to the contrary, but insisting that he did not make any such alleged representation. Moreover, there was other direct evidence of this fact, and the admission of the evidence objected to was thereby rendered harmless.

3. Acts of fraud relied on by a party to avoid a contract entered into by him must be specifically pleaded. *Groves* v. *Sexton*, 5 Ga. App. 160 (62 S. E. 731); *Parrott* v. *Smith*, 135 Ga. 329 (69 S. E. 552). In the present case there was a plea of fraud through material representations, made to induce the execution of the contract. There was no plea of fraud because of wilful concealment of material facts which induced the signing of the contract. The fact that one party to a contract may have a misconception or delusion as to its terms does not, where it is not clearly shown that the opposite party knew that he was laboring under such misconception or delusion with reference to the terms or meaning of the contract, or that some statement had been made by such party to fraudulently induce such misconception, amount to a wilful and fraudulent concealment of a material fact which would amount to such fraud as would avoid the contract. The evidence fails to disclose that any statement was made by the plaintiff to induce such a misunderstanding with reference to intervals of shipment of the service sold, or that such a misunderstanding was intended, or that plaintiff knew the defendant so misunderstood. The court therefore erred in charging on an issue not made by the pleadings or the evidence.

4. The assignments of errors not dealt with above are without merit.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JANUARY 10, 1935.

*T. Glenn Dorough,* for plaintiff.
*Sloan & Whelchel, Sam S. Harben,* for defendants.