35263. CORBIN *v.* WELFARE FINANCE CO.

TOWNSEND, J. 1. "No part of an answer shall be stricken out or rejected on account of being contradictory to another part of the same, but the court shall suffer the whole answer to remain, if the defendant should desire it, and avail himself of any advantage he can or may have under either or the whole of said answer, and proceed to trial accordingly." Code § 81-310; *Wheeler* v. *Salinger,* 33 *Ga. App.* 300 (6) (125 S. E. 888). Accordingly, a counter-affidavit filed to an affidavit of foreclosure of personal property under a conditional bill of sale, which set up that the debt sought to be foreclosed had been paid, was not demurrable because said counter-affidavit was amended to set up the further defense of failure of consideration.

2. A defendant may, by amendment, change, alter or modify his original answer, and may set up new, distinct and even contradictory defenses of which notice was not given in the original answer (*U. S. Fidelity &c. Co.* v. *Clarke,* 187 *Ga.* 774 (1), 781, 2 S. E. 2d 608); but when such new or contradictory matter is set up he shall attach an affidavit that at the time of filing the original answer he did not omit the new facts set out in the amended answer for the purpose of delay, and that the amendment is not offered for delay (Code § 81-1310). Where the defendant fails to attach such affidavit, unless there are special circumstances under which in his discretion the trial court may permit the amendment, the amendment ordinarily will be rejected upon objection raising this point. *Benson* v. *Marietta Fertilizer Co.,* 139 *Ga.* 691 (1) (77 S. E. 1125); *Roberson* v. *Weaver,* 145 *Ga.* 626 (2) (89 S. E. 769); *Bass Dry Goods Co.* v. *Granite City Mfg. Co.,* 119 *Ga.* 124 (4) (45 S. E. 980). The amendment to the counter-affidavit setting up the plea of

failure of consideration, which was not pleaded in the original, was deficient in this respect, and was therefore subject to disallowance by the court.

3. As to the original counter-affidavit, the defense of payment was imperfectly set forth in that the defendant failed to allege with reasonable certainty when, how and to whom the payment was made. *Williford v. Phillips,* 49 *Ga. App.* 223 (174 S. E. 641); *Groves v. Sexton,* 5 *Ga. App.* 160 (62 S. E. 731); *Rentz Drug Co. v. Bishop-Babcock Co.,* 30 *Ga. App.* 391 (118 S. E. 414). Such defect, however, must be made the subject of special demurrer, and not, as here, an oral motion to strike the entire pleading. "'An oral motion to strike performs the office of a general demurrer, and is ineffectual unless the pleading against which it is directed as a whole is fatally defective.' *Elbert County v. Brown,* 16 *Ga. App.* 834 (86 S. E. 651). The motion to strike, made at the trial term of the instant case, does not reach formal and amendable defects in the pleas. *South Carolina & Georgia R. Co. v. Augusta So. R. Co.,* 111 *Ga.* 420, 425 (36 S. E. 593), and citations. Upon special demurrer, a plea of payment is bad, unless it alleges when, how and to whom payment is made. *Kahrs v. Kahrs,* 115 *Ga.* 288 (41 S. E. 649). But there was no special demurrer in this case. As against a general demurrer, or an oral motion to dismiss, made at the trial term, upon the ground that no defense is set forth, a plea of payment is good which alleges in distinct terms that the defendant has paid to the plaintiff in cash or its equivalent the full amount of the note sued on. *Prince v. Cochran,* 10 *Ga. App.* 495, 496 (73 S. E. 693). The motion to strike any paragraph of the pleas in the instant case is ineffectual if any portion of the paragraph is good. *Epstein v. Thomas,* 15 *Ga. App.* 741, 746 (84 S. E. 201)." *Calhoun v. Williamson,* 49 *Ga. App.* 229, 232 (174 S. E. 806). Accordingly, although the amendment to the counter-affidavit here was subject to be disallowed, and although the original plea of payment was subject to special demurrer, the defect was not reached by an oral motion to strike the entire defense, made upon the call of the case for trial, and the trial court erred in striking the counter-affidavit without giving the defendant time in which to amend, and in thereafter entering up judgment for the plaintiff on the theory that the case was in default.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JULY 15, 1954.

*Frank A. Bowers,* for plaintiff in error.
*J. Norwood Jones, Jr.,* contra.