41856, 41857. LUNSFORD v. WILSON; and vice versa.
41858. WILSON v. LUNSFORD.

ARGUED MARCH 9, 1966—DECIDED APRIL 14, 1966—
REHEARING DENIED MAY 10, 1966—

604

*Robert L. Mitchell, David H. Fink,* for appellant.
*George D. Stewart, Frank Blankenship,* for appellee.

EBERHARDT, Judge. ■ Under *Code* § 110-310, "A nonsuit shall not be granted merely because the court would not allow a verdict for the plaintiff to stand; but if the defendant fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." Here plaintiff identified the contract and testified as to its execution, delivery of the property, the securing of a license for operation of a liquor store on the premises by the buyer, and that the face amount of the contract was due and unpaid. While he admitted having received monthly payments from the defendant, he testified that these were paid and received as "interest and charges" from the time the purchase price was due. Although the defendant sought on cross examination of the plaintiff to show that the monthly payments should have been credits against the principal and that the remaining balance was not yet due because of an oral modification of the contract, that could do no more than raise a jury question as to whether there had been a modification and whether the payments were made on the principal or as interest and charges, as the plaintiff contended, and therefore the grant of a nonsuit was error. *Reeves v. Jackson,* 113 Ga. 182, 184 (38 SE 314) ; *Kelly v. Strouse,* 116 Ga. 872 (43 SE 280) ; *Buckeye Buggy Co. v. Dickey,* 122 Ga. 290 (2) (50 SE 66).

This rule is not altered by the fact that the defendant, on cross examination of the plaintiff, sought to show that he had not owned the property described in the contract of sale when the plaintiff, while admitting that all or some of the property had at one time been owned by a corporation of which he was the sole stockholder, insisted that nevertheless he was the owner of the property at the time of the sale.

■ ■ During the examination of the plaintiff, counsel for defendant offered an amendment to his answer denying certain allegations and averring that title to the goods in question was not in the plaintiff but was in the name of Wieuca Capital, Inc., and setting out other affirmative defenses. The trial judge granted the plaintiff's oral motion to dismiss the amendment on the ground that it did not comply with the requirements of *Code* § 81-1310 in that the defendant had failed to attach an affidavit stating that he "did not omit the new facts or defense set out in the amended plea or answer for the purpose of delay, and that the amendment is not offered for delay, . . ." In the absence of compliance with the Code section, the allowance of an amendment to the plea or answer is within the discretion of the court. *Benson v. Marietta Fertilizer Co.,* 139 Ga. 691 (1) (77 SE 1125); *Corbin v. Welfare Finance Co.,* 90 Ga. App. 443 (83 SE2d 215). We find no abuse of discretion here.

■ While the plaintiff was still on the stand, the defendant offered three other amendments to his answer. The record showed that the defendant had filed his answer in June, 1965, and the amendment indicated that he had knowledge of the new facts and defense in September, 1965, but the amendment was not offered until December 16, 1965, the day of the trial. On oral motion to dismiss by the plaintiff, the trial judge struck the amendments on the ground that they were filed too late. As these three amendments contained the affidavits required by *Code* § 81-1310, the trial judge erred in disallowing them on this ground. *Jones v. Lawman,* 56 Ga. App. 764, 772 (194 SE 416). "The court has no discretion to disallow an amendment, when otherwise good, merely because it sets up new facts (or a new defense), when a proper affidavit is attached. *Wynn v. Wynn,* 109 Ga. 255 (34 SE 341)." *Rozear v. J. G. McKenzie Lumber Co.,* 60 Ga. App. 662, 663 (4 SE2d 718).

Personally, it is the opinion of the writer of this opinion that amendments of this kind should be tendered promptly when the information becomes available, and were it not for the proscription of a contrary holding by these cases, I should hold that the amendment came too late.

■ ■ This contract called for the sale of "furniture and

fixtures to include registers, counters, sofas, water coolers, signs, burglar alarm system, flower boxes, sand stumps, ladders, mats, etc., or everything except the personal belongings of seller," located in a particular store, and the description was sufficiently definite. *Williams v. Yarbrough,* 34 Ga. App. 500 (130 SE 361).

■ The plaintiff moved to dismiss the defendant's amended answer on the ground that it set forth no defense, either in law or in equity and here contends that the overruling of his motion was error. With this contention we cannot agree. "An oral motion to strike performs the office of a general demurrer . . . [It] is ineffectual unless the pleading against which it is directed as a whole is fatally defective. *Elbert County v. Brown,* 16 Ga. App. 834 (86 SE 651); *Royal Ins. Co. v. Oliver,* 50 Ga. App. 327 (2) (177 SE 922)." *Meads v. Williams,* 55 Ga. App. 224 (189 SE 718).

The defendant alleged that the contract sued upon had been modified orally and there was testimony as to monthly payments inconsistent with the terms of the original agreement. He denied that demand had been made for strict performance of the original agreement. The plaintiff challenged this defense on the ground that there was no allegation of consideration for the modification. Assuming that the items contracted for were "goods" as defined by the Sales Article of the Uniform Commercial Code (see *Code Ann.* §§ 109A-2—105 (1) and 109A-2—107 (2)), no consideration was necessary for the agreement of modification, (*Code Ann.* § 109A-2—209 (1)), and the defendant raised a valid defense. If upon the trial of the case it is shown that some of the items were not "goods," *Code Ann.* § 109A-2—209 (1) would not be applicable as the agreement sued upon was an entire contract. However, the defendant's amended answer still set forth a valid defense under *Code* § 20-116, providing that "where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." We need look no further to see that the motion to dismiss the

amended answer was properly overruled, for where the answer is good in part, a motion to strike will not lie. *A. E. Speer, Inc. v. McCorvey,* 77 Ga. App. 715 (49 SE 677.).

*Judgment reversed on the main appeal and cross appeal. This renders moot all questions raised in defendant's independent appeal No. 41858 and it is therefore dismissed. Bell, P. J., and Jordan, J., concur.*