.Griffin, adm'r, &c. *vs.* The Justices, &c.

No. 19.—BENJAMIN F. GRIFFIN, adm'r, &c. plaintiff in error, *vs.* THE JUSTICES OF THE INFERIOR COURT OF BAKER COUNTY, defendants in error.

[1.] The over-ruling of a demurrer to a declaration, is not a ground for a *new trial,* even if the over-ruling be wrong. If the cause of demurrer be such that the demurrer should have been sustained, it may or may not be sufficient to support a motion to *arrest the judgment.*

[2.] The *acknowledgment* of a debt made by an executor, if made before the debt has become barred by the Statute of Limitations, is sufficient to take the debt out of the Statute of Limitations.

Assumpsit and motion for new trial, in Baker Superior Court. Decision by Judge PERKINS, November Term, 1854.

This was a suit by the Inferior Court of Baker County against Griffin as the administrator of Sikes, upon a promissory note made by Sikes during his life-time, and upon which there was a credit of an amount paid by the administrator since the death of Sikes, and before the bar of the Statute of Limitations had attached. There was a verdict for plaintiffs and a motion for a new trial on various grounds, reducible to two—

1st. Because the Court erred in over-ruling defendants demurrer to the plaintiff's declaration.

2d. In holding and charging, that "although the administrator could not make any promise or do any act to bind the estate of Sikes, by creating a liability, he could, by acknowledging the debt (there being a subsisting liability) and making a payment thereon, continue the liability of the estate, so as to take the case out of the operation of the Statute of Limitations."

These were the errors assigned and considered in this Court.

STROZIER, for plaintiff in error.

LYON & CLARK, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The over-ruling of a demurrer to a declaration, even if wrong, is no ground for a new trial.   If the cause of demurrer be such that the demurrer should have been sustained instead of over-ruled, that cause may be such as to be availed of in a motion to arrest the judgment.   If it cannot be made use of to arrest the judgment, it cannot be made use of at all.   It certainly cannot be made use of to get another *Jury* trial.

In this case, however, the declaration seems, to this Court, to be sufficient.

The *acknowledgment* of a debt, by the debtor, before the debt has become barred by the Statute of Limitations, takes the debt out of that Statute.

This is the general rule.   (*Yea vs. Fouraker*, 2 *Burr*. 1099. *Bryan vs. Horseman*, 4 *East*. 599.   *Rich vs. Dupree*, 14 *Ga. R.* 663.)

In the two former of these cases, the acknowledgment was not made until *after* the debt had become barred, and yet it was held to be sufficient to take the debt out of the Statute.

But it is insisted, that if the debtor who makes the acknowledgment of the debt happens to be an executor, the case thus made is excepted from the operation of the general rule ; and in support of this position is read a late English Case, which is certainly in point : the case of *Tullock vs. Dunn and another, executors,* (*Ryan & Moody*, 416.)   But this is a *nisi prius* decision, and one which rests upon no cited authority or stated reason—one for which no reason could be stated, as I think, which could not be as well stated for the case of an acknowledgment made by any debtor—and one which is at variance with the law, as that was understood and impliedly declared by the law making power—Parliament, a few years after the decision was made.   This implied declaration, of what was the law, was made by Parliament in "Lord *Tenderden's* Act," passed in the 9 *George IV.*   A part of that Act declares, "that in actions

of debt, or upon the case, grounded upon any simple con-
tract, no acknowledgment or promise, by words only, shall be
deemed sufficient evidence of a new or continuing contract,
whereby to take any case out of the operation of the said en-
actments, or either of them, or to deprive any party of the ben-
efit thereof, unless such acknowledgment or promise shall be
made or contained by or in some writing to be signed by the
party, to be chargeable thereby : and that where there shall
be two or more joint contractors, or executors, or administrators,
of any contractor, no such joint contractor, executor or adminis-
trators, shall lose the benefit of the said enactments, or either of
them, so as to be chargeable, in respect or by reason only of any
written acknowledgment or promise, made and signed by any
other or others of them : *provided*, always, that in actions to be
commenced against two or more such joint contractors, or execu-
tors, or administrators, if it shall appear at the trial or other-
wise that the plaintiff, though barred by either of the said re-
cited Acts, or this Act, as to one or more of such joint contract-
ors, or executors, or administrators, shall nevertheless be enti-
tled to recover against any other or others of the defendants, by
virtue of a new acknowledgment or promise, or otherwise, judg-
ment may be given and costs allowed for the plaintiff, as to
each defendant or defendants against whom he shall recover
and for the other defendant or defendants against the plain-
tiff ".

Now it is impliedly declared, by expressions in this part of
the Act, that the old law was such as to put acknowledgments
made by executors and administrators, upon the same footing
as those made by original debtors ; and so that it was such as
to give to acknowledgments made by them, the same effect as
it gave to acknowledgments made by original debtors.    And
the new law which the Statute makes, continues in existence
*this* principle.    It gives efficacy to a *written* acknowledgment,
when made by an executor or administrator, to the same extent
that it does to an acknowledgment made by an original debtor.

The *nisi prius* case admits that a *promise* made by the ex-
ecutors, would be sufficient.    But what reason is there to give

efficacy to a promise which does not equally exist to give efficacy to an acknowledgment? The continued existence of the debt is the main thing. And if, in any case, the acknowledgment of the continued existence of that, without a promise to pay it, is sufficient to charge the debtor, if he is an original debtor, why should not the acknowledgment of the continued existence of the debt, without any promise to pay it, be also sufficient to charge the debtor, if he happens to be an executor or administrator?

The facts of the case are, in one respect, of a different character from that of the facts of the case before this Court. In that case, the acknowledgment of the executors was by "words only". In this the acknowledgment was by an actual payment of a part of the debt—a much more safe form of acknowledgment.

Then, it does not appear, in that case, but that the acknowledgment may have been made *after* the debt had become barred.

[2.] Upon the whole, this Court feels bound to disregard this case, and to consider the law to be, that an acknowledgment made by an executor, at least if made before the acknowledged debt has been barred by the Statute of Limitations, is sufficient to take the debt out of the Statute.

And therefore, we have to say, that in our opinion, the charge of the Court was *not* erroneous.