LATIMORE *vs.* THE STATE OF GEORGIA.

1. Where the only exception is to the refusal of the court to grant a new trial, a ruling or decision of the court not referred to in the motion for a new trial is not covered by the writ of error.
2. If newly discovered evidence be merely cumulative, or not likely to produce a different verdict, or if the circumstances strongly indicate the want of full diligence on the part of the movant in bringing out the alleged new facts, a new trial may be refused.
3. The evidence adduced on the trial was sufficient.

Criminal law. Practice in the Supreme Court. New trial. Newly discovered evidence. Before Judge LAWSON Wilkinson Superior Court. April Term, 1879.

Latimore was placed on trial for the offense of burglary. To the indictment he demurred because it embraced two totally distinct and incompatible offenses, to-wit : burglary in the night-time and simple larceny. The demurrer was overruled. The trial resulted in a verdict of guilty. He moved for a new trial because the verdict was contrary to law, evidence and the charge of the court, and because of certain newly discovered evidence. The ruling upon the demurrer was not made a ground of new trial, nor otherwise excepted to. The case made by the prosecution was, in brief, as follows : The house of one Strubing was broken open in the night-time, and a lamp and an inkstand taken therefrom. Two weeks after the burglary these articles were found in the possession of defendant. He stated that he had bought them. He threw hot water in the face of prosecutor when about to be arrested, ran off, and was twice fired upon. Subsequent to the arrest he offered to pay the prosecutor to settle the case, but still denying his guilt.

The statement of defendant was to the following effect : He bought the stolen articles from an old man hailing from Savannah and going towards Macon. Gave him meal, meat and fifty cents in money therefor. "Asked him if there was any difficulty? and he said not." Who this old man was he did not say.

The statement was corroborated by one Jasper Hays.

The affidavit of Rivers, embracing, in part, the newly discovered evidence, was to the following effect : Saw at Gordon an old negro man calling himself Sam. Williams, carrying a wallet such as was described by defendant in his statement to the jury ; it contained the money-drawer, pins, salt-cellars and other articles described by defendant as being therein. This old man came from Toombsboro to Gordon about the time the burglary was committed. He confessed that he had sold a lamp to some person in Toombsboro, and that he had worked for Strubing, the prosecutor.

The affidavit of Fontaine was to the same effect, except

that it omitted the statement as to the old man Williams having worked for Strubing, and contained the additional averment that "Williams was under arrest for burglary in Gordon."

The usual affidavits of party and counsel as to diligence, etc., were attached.

In the statement of prisoner as set forth in the record, there is no description of any wallet or its contents as being in the possession of Sam. Williams.

As to the ground based on newly discovered evidence, the presiding judge says: "It is known to the court that defendant and Sam. Williams, from whom the lamp is now alleged to have been purchased, were, for some time prior to the trial, lodged in the same room in the jail of Wilkinson county; that they were both tried and convicted at the same term of the court; that they occupied seats together in the court-room, and defendant had sufficient opportunity to have learned that Sam. Williams was the person from whom he purchased the articles if it had been true."

The motion was overruled, and defendant excepted.

J. W. ROBISON; H. J. GILBERT, for plaintiff in error.

ROBERT WHITFIELD; by JACKSON & LUMPKIN, for the state.

BLECKLEY, Justice.

1. The ruling upon the demurrer is not here for review, because not excepted to. No error is assigned upon it, and it is not embraced in the motion for a new trial. In strict practice, perhaps, a decision upon demurrer is not proper matter to be included in the motion, 17 *Ga.*, 96; but it is not uncommon to give it a place there, and had it been done in this instance, we could possibly have dealt with it. On the actual state of the record and bill of exceptions, however, the overruling of the demurrer seems to have been acquiesced in, and there we leave it.

2. The newly discovered evidence pointed to Sam. Williams as the person from whom the accused claimed to have purchased the stolen property. If, in fact, he was the person, the accused had ample opportunity to have identified and named him before the trial, for they were confined in jail together, in the same room for some time, and the presiding judge had seen them seated together in the court-room. Full diligence would most probably have enabled the prisoner, with the aid of his witness, Jasper Hays, to make use of Sam. for any and every purpose which the new evidence could subserve. He at least might have named him as the source of his possession, if he was its real source; and neither in his statement to the jury, nor in his affidavit concerning the newly discovered evidence, does he name the person from whom he received the property, or declare that he could not name him, or that it was or was not Williams. He nowhere denies that he knew before the trial that Sam. Williams was the man; and if he did know it, he was bound to say so, and not wait until after his own conviction to implicate his fellow-prisoner. If newly discovered evidence be merely cumulative, or not likely to produce a different verdict, or if the circumstances strongly indicate the want of full diligence on the part of the movant to bring out the alleged new facts, a new trial may be refused.

3. The evidence was enough, taking all the circumstances, to enable the jury to reach a conclusion of guilt. We cannot say it was legally insufficient, and it seems to have been mentally and morally convincing. 61 *Ga.*, 311.

Judgment affirmed.