FISHER *v.* THE SAVANNAH GUANO COMPANY.

1. Where certain pleas, to an action brought under the pleading act of 1893, were stricken on general demurrer to the same, to which no exception was taken at the term when this was done, and at the next term a judgment for the plaintiff was rendered by default, error, if any, in striking the pleas at the former term would be no cause for setting this judgment aside, nor for granting a new trial; nor was there any error in refusing at the latter term to entertain a motion to vacate the order of the previous term striking the pleas, on the ground that it was improvidently granted.

2. Where in such case the court, after striking the defendant's pleas, granted his counsel further time during the same term at which this action was taken, within which to file another plea, and no other plea was filed during that term, the court was not bound, at the next term, to allow a plea to be then filed as matter of right, nor to hear any excuse for the failure of counsel to file a plea at the previous term, under the permission then granted.

3. The action being upon an unconditional contract in writing, an unsworn plea, even if meritorious, presented no obstacle to the rendition of a judgment by the court in favor of the plaintiff; and the court did not err in refusing, after it had orally announced its judgment in the plaintiff's favor, to allow the defendant to verify his plea because the judgment had not yet been signed and entered upon the minutes.

October 28, 1895.

Complaint on notes.   Before Judge Smith.   Wilcox superior court.   March term, 1895.

*Cutts & Hixon* and *Hal Lawson*, for plaintiff in error. *Tom Eason* and *E. A. Smith*, contra.

ATKINSON, Justice.

The action in the present case was brought under the pleading act of 1893.   The written pleas filed by the defendant were, upon a general demurrer to them, stricken, but no exception appears to have been taken to the order striking these pleas.   During the term at which they were stricken, and after that was done, the court granted to the defendant's counsel further time during the same term at which that action was taken, to file another plea, but no

other plea was in fact filed during that term. At the next term, the court directed that a judgment be entered up as by default in favor of the plaintiff against the defendant, and declined to allow a plea to be then filed, or to hear ·from counsel his reasons for not having filed one within the time limited under the first order. A motion was made for a new trial and to vacate the order entering judgment by default.

1--2. We do not think that after the first term of the court, the defendant's counsel was entitled, as matter of right, to further indulgence in the matter of filing his plea. The grant of time within which to file pleas was equivalent to a statement of terms upon which such indulgence was granted by the court, and the defendant, having failed to comply with the terms imposed upon him by the court, must appeal to the discretion of the court, and not to any right which inheres in him as a party to have further indulgence in the premises. Nor does it change the nature of the case that at the time the judgment was actually signed, the defendant had in fact sworn to and offered to file a written plea which would have been a substantive defense to the plaintiff's action. Such plea, even if filed without the consent and allowance of the court, might have been disregarded and ordered from the files as having been entered without legal authority, and inasmuch as the terms imposed by the court in the first instance seem to us reasonable, we are not disposed to interfere with its discretion in refusing further time to the defendant to enable him to make his defense.

The defendant not having excepted in the first instance to the judgment of the court striking his pleas, the court did not err at a subsequent term in refusing to entertain a motion to vacate the order of the previous term striking them, on the ground that it was improvidently granted.

3. The action was upon an unconditional contract in writing. The plea of the defendant, even if meritorious,

presented no obstacle to the rendition of a judgment by the court in favor of the plaintiff at the time it was granted, for the reason that it was not sworn to in the first instance and had not been allowed as an amendment to any other plea after it was sworn to, at the time of the rendition of the judgment; and no error was committed by the court, after it had orally announced judgment in the plaintiff's favor, in refusing to recognize as a defense a plea sworn to and in the meantime filed by the defendant without allowance by the court; and this is true notwithstanding judgment had not then been actually signed and entered upon the minutes, it appearing, as we have before indicated, that the whole matter then rested in the discretion of the circuit judge, and that the defendant was not entitled at that time, as matter of right, to file a plea to the action.

*Judgment affirmed.*