3866.  NETHERLAND *v.* FIRST NATIONAL BANK OF
LOUISVILLE.

The defendant's plea which sought to set up the defense that the note upon which the suit was based, and of which the plaintiff was the transferee, had been paid to the original payee, and alleged that the plaintiff had actual knowledge of the payment, was good, as against an oral motion to strike, though on special demurrer it might have been held to be defective.

DECIDED MAY 7, 1912.

Complaint; from city court of Waynesboro—Judge Davis.  October 24, 1911.

*C. B. Garlick,* for plaintiff in error.  *H. J. Fullbright,* contra.

RUSSELL, J.  The plaintiff recovered upon a note originally executed and delivered by the defendant to the Louisville Manufacturing Company.  The defendant's plea was stricken, on oral motion, and a verdict in favor of the plaintiff was directed by the court.  The only real question in the case turns on whether the court ruled correctly in striking the fifth paragraph of the defendant's answer.

The plaintiff's petition alleged that the defendant (Netherland) was indebted to it because his note, payable to the Louisville Manufacturing Company, had been transferred to the plaintiff before maturity.  The defendant, in his plea, admitted the execution of the note and refusal to pay it, but pleaded that his liability upon the note had been extinguished by payment to the original payee, and averred that the transferee took the note with full and actual notice of all defenses which he had against it.  The fifth paragraph of the plea averred as follows:  "For further plea in this behalf, defendant says that he was engaged and employed by the Louisville Manufacturing Company during the season 1910 and 1911, to buy cottonseed for the former at the price of $100 per month; that he worked six months in said capacity; that he was indebted to said Louisville Manufacturing Company for fertilizers, and in the spring of the year of 1911 defendant and said Louisville Manufacturing Company had a settlement, defendant paying the difference between his debt against Louisville Manufacturing Company and the debt owing [by?] him, which was accepted by said Louisville Manufacturing Company.  Said transaction occurred in the building of plaintiff's, and its officers had actual knowledge thereof."  At the trial term the plaintiff's counsel made an oral motion to strike this paragraph, and the court sustained the motion; and, in conformity with this ruling, the court refused to allow evidence in support of the allegations of the stricken paragraph, and directed a verdict for the plaintiff for the amount sued for.

We think the court erred in holding that the fifth paragraph of the plea set up no defense as against the plaintiff, and in excluding the testimony in support of the allegation that the officers of the plaintiff had actual knowledge of the settlement by which, as

alleged, Netherland's debt upon the note was discharged. The case runs quatuor pedibus, so far as the subject of payment is concerned, with the recent case of *Prince* v. *Cochran,* 10 *Ga. App.* 495 (73 S. E. 693). Certainly, as against a suit upon a note, brought by one who claims to be an innocent purchaser for value before maturity and without notice, the fact that the purchaser knew at the time he bought it that it had been fully paid would present a good defense and defeat recovery. We have no hesitation in holding that the stricken paragraph, while subject to special demurrer, presents this defense with sufficient fullness and clearness to withstand a general demurrer or an oral motion to strike. It alleges that the defendant and the Louisville Manufacturing Company, the original payee of the note, had a complete settlement, the defendant paying the difference between his debt against the Louisville Manufacturing Company and the debt due by himself, and that the plaintiff's "officers had actual knowledge thereof." By timely special demurrer the plaintiff could have required the defendant to allege when, how, and to whom payment was made, and to name what particular officers of the plaintiff had actual knowledge of the transaction, so as to enable the court to determine whether, in the first place, the note had been paid to a duly authorized agent of the original payee; next, whether the payment claimed to have been made was prior to the transfer of the note; and, thirdly, whether the officers of the plaintiff bank (who were alleged to have had actual knowledge of the settlement and payment of the note) were such officers as that their knowledge would be imputed to the plaintiff. But in the absence of a special demurrer, the statement that the defendant had paid the note to the Louisville Manufacturing Company, the original payee, and that the transferee had actual knowledge of that fact, taken in connection with the allegation of the fourth paragraph, that the transferee took the note with full and actual notice of all the defenses the defendant had against it, would certainly make a defensive statement, which, if supported by proof, would amply withstand a general demurrer and defeat recovery. The petition alleged that the note was transferred on May 3, 1911. The allegation of the fifth paragraph, that the defendant paid the note in the spring of 1911, is not such a statement as would preclude him from showing that the payment, which he alleges was made with the knowledge of the

officers of the bank, antedated May 3, 1911. In the absence of a special demurrer, and with the statement that the officers of the bank had actual knowledge of the transaction in which the defendant paid the note to the manufacturing company, it would remain for the evidence to develop whether the officers who knew of the settlement between the original payee and the maker of the note were such as that the bank would be charged with their knowledge. The plaintiff would have had the right to know whether the day in the spring when the defendant averred he paid the note in question was before or after the 3d day of May. It would have had the right to know how the payment was made, and whether the person who received it was authorized to accept payment. It would have had the right to be informed which of its officers was charged to have had actual knowledge of a settlement or payment of the note, which rendered the note so valueless that the plaintiff could not have bought it without danger of total loss of the amount invested, but there is no presumption of fact or law which would authorize the conclusion that a day in the spring of 1911 was subsequent to May 3, any more than that it was a day prior to May 3; nor is the inference that the officers of the bank who are alleged to have had actual notice of the defendant's discharge were officers whose knowledge would not bind or charge the company more conclusive than that the officers referred to were those in active control and management of the bank's business. The plaintiff not having specially demurred, the court could not adjudge these matters without the aid of evidence; for even if it had been true that the transferee of the note, after its purchase, had knowingly permitted the maker to pay the full amount due upon it, it could be inferred, and a jury would be authorized to find, that the party to whom the payment was made was in fact an agent of the transferee. To test the sufficiency of the fifth paragraph of the answer, we need only ask the usual question: Could the plaintiff admit its statements and still recover? We think not. While the answer is too vague and indefinite to withstand special demurrer, the plaintiff was not entitled to recover if the defendant, with the knowledge of the transferee, and without objection on its part, paid the note to another person. It would be estopped thereafter to demand payment of the maker of the note. But, further than that, the defendant pleaded that the purchaser of the note bought it with

8

full notice of the defense; and this, when the two statements are construed together, makes it reasonably plain that the purchase was after the transaction referred to in the fifth paragraph of the answer, in the absence of a special demurrer, which might have compelled the admission that this transaction was subsequent to May 3, 1911.                    *Judgment reversed.*