## 5137. AYCOCK v. TILLMAN.

POTTLE, J. The following notice given for the purpose of recovering attorney's fees on a promissory note was a sufficient compliance with section 4252 of the Civil Code: "Georgia, Walton County. **To W. R.** Tillman: You are hereby notified that in accordance with the provisions of the act approved Dec. 12, 1900, I intend to bring suit to the next quarterly term, 1913, of the city court of Monroe, in said county, upon a certain note made by you, dated the 12th day of January, 1912, payable the 1st day of January, 1913, which, among other things, obligates you to pay, besides the principal and interest, ten per cent. as attorney's fees if collected by law or through an attorney at law; and unless you pay the balance due on said note, principal and interest, on or before the return day of the said court, I shall ask that the judgment include ten per cent. attorney's fees as aforesaid. This the 8th day of March, 1913. Robert Aycock." The person signing the notice is presumed to have been the holder and the payee of the note, and the note itself was sufficiently described, even though the amount of principal and interest due thereon was not set forth in the notice. The case is distinguishable from the cases relied on by the defendant in error. In *Baskins* v. *Valdosta Bank,* 5 *Ga. App.* 600 (63 S. E. 648), the notice was signed by attorneys at law, the names of the payees of the note were not stated in the notice, and it did not appear that the note had been transferred and that the attorneys intended to bring suit in the name of the transferee; and it was held that since the defendant might have had a good defense against the payees, but not against the transferee, who was a bona fide purchaser for value before maturity, he was not bound to pay the note before the return day of the court, in the absence of notice that the note was owned by a bona fide purchaser thereof. In *Edenfield* v. *Bank of Millen,* 7 *Ga. App.* 645 (67 S. E. 896), it was held that the notice should show either expressly or by necessary implication who was the holder of the note. In that case the notice was by a person who signed as plaintiff's attorney, and it did not disclose who the prospective plaintiff was, or in whose behalf the attorney expected to bring suit. The court said that the notice would have been sufficient if counsel had signed it as attorney for the person in whose behalf the suit was brought. A person whose name is signed to the notice is presumptively the holder of the note; and if suit thereafter be brought in his name, the collection of attorney's fees can not be defeated merely because the notice did not expressly name the holder of the note. It is otherwise if the suit be brought in the name of a person neither expressly nor impliedly named in the notice as the holder of the note.       *Judgment reversed.*

DECIDED DECEMBER 9, 1913.

Complaint; from city court of Monroe—Judge Stone. March 8, 1913.

*B. J. Edwards,* for plaintiff in error. *E. W. Roberts,* contra.