### 13331.  THOMPSON *v.* CARROLLTON BANK.

JENKINS, P. J.  1. The facts alleged in the defendant's answer did not show an accord and satisfaction. " Accord and satisfaction is where the parties, by a subsequent agreement, have satisfied the former one, and the latter agreement has been executed." Civil Code (1910), § 4326. The allegations with reference to the consideration and method of payment of the notes sued on nowhere refer to any " subsequent " agreement whereby the parties were to give and accept something in satisfaction of such notes. *Alfred Struck Co.* v. *Slicer,* 23 *Ga. App.* 52, 55 (97 S. E. 455). The alleged agreement and understanding with the plaintiff's

cashier relates to a time prior to or contemporaneous with the execu-
tion of the notes.

2. Treated as a plea of payment (although subject to special demurrer,
since it failed to allege with reasonable certainty when and how the
payments were made), the plea was good against an oral motion to
strike, since the effect of the plea and the proffered amendment is that,
subsequently to the making of the notes sued on, the ·debt represented
thereby had been fully paid off and discharged. *Wortham* v. *Sinclair*,
98 *Ga.* 173 (25 S. E. 414); *Thomas* v. *Siesel*, 2 *Ga. App.* 663 (58 S. E.
1131); *Netherland* v. *First National Bank*, 11 *Ga. App.* 110 (74 S. E.
849); *Epstein Co.* v. *Thomas*, 15 *Ga. App.* 741 (4) (84 S. E. 201).

> *Judgment reversed.* *Stephens and Bell, JJ., concur.*
> DECIDED FEBRUARY 10, 1923.

Complaint; ·from city court of Carrollton — Judge Hood.
January 12, 1922.

*James Beall,* for plaintiff in error.

*S. Holderness, Willis Smith, Boykin & Boykin,* contra.