## 16058.   COLLINS *v.* SAVANNAH GUANO COMPANY.

BELL, J.   1. The verdict was not illegal or without evidence to support it merely because the only witness sworn in the case, while on the stand in behalf of the plaintiff, testified that the defendant's indebtedness to the plaintiff was a certain aggregate amount, without stating the principal and interest separately, where the verdict for the principal and interest as separately found by the jury was authorized by *all* the evidence, including the note sued on.

2. It does not conclusively appear that the defendant was not credited in the verdict with a payment of $50 made pending the suit and shortly before the trial, it being inferable that this item was deducted from the interest which had accrued since the last previous payment, although it appears that in the deduction there was an error of $2 in favor of the plaintiff. With respect to the amount of the verdict, it further appears that the finding for attorney's fees was excessive to the extent of $5.20.

3. A written notice given under the Civil Code (1910), § 4252, for the purpose of enforcing an obligation to pay attorney's fees was sufficient as to matter of form, where it was signed by an attorney as the representative of the payee, who was still the holder and in whose name the suit was brought, and where it identified the contract and notified the defendant, ten days before the suit was brought, of the plaintiff's intention to bring the suit and the term of court to which the suit would be made returnable. *Ryles* v. *Bank of Statham*, 7 *Ga. App.* 489 (3) (67 S. E. 383); *Aycock* v. *Tillman*, 14 *Ga. App.* 80 (80 S. E. 301); *Phelps* v. *Belle Isle*, 29 *Ga. App.* 571 (1) (116 S. E. 217); *Mc-Kibben* v. *Fourth National Bank*, 32 *Ga. App.* 222 (11) (122 S. E. 891).

4. It was not necessary that the notice alleged to have been served within the prescribed time upon the defendant, a copy of which was attached to the petition, should be introduced in evidence, or that further proof of the service should be made, where the answer admitted receipt of the notice within the time alleged, and merely denied that the notice upon its face was in conformity to law.

5. In the brief of counsel for plaintiff in error the exceptions pendente lite taken to the allowance of an amendment to the process are referred to only in the statement of the history of the case. There being no sort of insistence thereon or argument relating thereto these exceptions are treated as abandoned. While there is a general insistence upon all grounds of the motion for a new trial, one of which assigns error upon the allowance of the amendment, it is well settled that such a ruling can not properly be made a ground of a motion for a new trial.

6. The judgment overruling the motion for a new trial is affirmed with direction that the verdict and judgment be amended by writing off $2 from the interest and $5.20 from the attorney's fees as awarded therein.

*Judgment affirmed, with direction. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 16, 1925.

Complaint; from city court of Reidsville—Judge Cowart. October 6, 1924.

*R. W. Barnes,* for plaintiff in error.

*H. C. Beasley,* contra.