## 17023. AMASON *v.* BANK OF TIGNALL.

1. "Where to an action upon an unconditional contract in writing a plea was filed at the first term, which set forth a good defense, but was not sworn to by the defendants, and no objection was then made to it

---

Bills and Notes, 8 C. J. p. 918, n. 18; p. 930, n. 62.
Evidence, 22 C. J. p. 1165, n. 80.
Pleading, 31 Cyc. p. 68, n. 76; p. 631, n. 47; p. 732, n. 74.

because of this defect, the plaintiff will be held to have waived the same so far as that term is concerned; and if at a subsequent term he moves to strike the plea because of such defect, the court should then allow the defendants to complete the plea by a proper verification." *Ward* v. *Frick Co.,* 95 *Ga.* 804. (22 S. E. 899). In the instant case it does not appear that the plea was ever objected to on account of its not having been sworn to, but it was dismissed at the trial term on the ground that it set forth no sufficient defense in law. A dismissal on such objection will not be sustained although the record shows that the plea was not verified, because, so far as that deficiency was concerned, the defendants should at that time have been given an opportunity to complete the plea by verification.

2. The plea does not show that when the note was signed there was such an emergency as would excuse the defendant from reading it, as was done with the letter accompanying the note, nor does the plea show any confidential or fiduciary relation between the parties, nor was the failure of the defendant to read the contract brought about by any misleading artifice or device perpetrated by the opposite party, amounting to actual fraud, such as would reasonably have prevented the party signing the instrument from reading it. *Ducros* v. *Peoples Drug Store,* 21 *Ga. App.* 634 (94 S. E. 897). Accordingly, as a defense setting up fraud in the procurement of the instrument, the plea was ineffective, and the note as signed must be regarded as a contract knowingly entered upon, with the result that the defendant can not be permitted to deny that she made the promise set forth by its terms. *Stewart* v. *Hardin,* 24 *Ga. App.* 611 (101 S. E. 716).

3. It is, however, a well-recognized principle of law that, as between the original parties, the consideration of a contract is ordinarily open to inquiry in order to show that it has failed, either wholly or in part, so as no longer to support the promise as made. Treating as mere surplusage the allegations of the plea seeking to annul the promise by setting up as a defense its fraudulent procurement, it nevertheless appears that neither the principal nor the defendant surety received anything more on the instrument sued on than the cancellation of the previous note in the sum of $250. This she should have been permitted to prove, if she could, and it was error to strike the plea as failing to set forth any valid ground of defense.

DECIDED JUNE 15, 1926.

Complaint; from Wilkes superior court—Judge Perryman. November 5, 1925.

*Colley & Colley,* for plaintiffs in error.

*Norman & Norman,* contra.

JENKINS, P. J.  The plaintiff bank sued E. M. and Mrs. O. R. Amason upon a promissory note for the principal sum of $1080, claiming attorney's fees.  The first named defendant filed no plea. The other filed a plea in which she set up substantially the following facts: that the defendants gave the note; that the defendant filing the plea had previously to the present note stood security for

the other defendant at the plaintiff bank for $250; that the note for $1080, here sued upon, was sent to her by mail, with a letter requesting this defendant to sign the same in renewal; that the defendant, thinking that the note sent was in renewal of the $250 note, signed the same and returned it, receiving nothing therefor except cancellation of the former note; and that there was no consideration whatever for the note sued upon except the cancellation of the $250 note. She further set up that owing to a defect in her eyesight she was unable to read, and that she was eighty-three years of age and unable, on account of her physical and mental afflictions, to attend to any business. She prayed that the judgment against her be limited to the said $250. The plaintiff filed a motion to strike this plea, on the ground of its insufficiency; which was done; and both defendants filed exceptions.

*Judgment reversed. Stephens and Bell, JJ., concur.*