### 17241.  PIERCE v. JONES.

STEPHENS, J.  1. Where the defendant in a suit upon a promissory note which is unconditional in so far as it relates to the payment of tne principal and interest, and conditional in so far as it relates to the payment of attorney's fees, seeks in his answer to defeat in part the plaintiff's claim for principal and interest, the answer should be verified as to the allegations made for that purpose. Where, as in the present case, the answer is not so verified, and the plaintiff interposes a demurrer to the answer, based upon several grounds, one of which is that the answer is not verified, and where the defendant then amends his answer, and the amendment affirmatively shows that it is made in response to the demurrer, but is not verified, and the defendant still fails to verify his answer or to move to be allowed to do so, there is no error in striking, for want of verification, those allegations of the answer which deny the alleged liability as to principal and interest, irrespective of whether they might otherwise have set forth a valid defense. Civil Code (1910), § 5660; *Ward* v. *Frick Co.*, 95 *Ga.* 804 (22 S. E. 899); *Fisher* v. *Savannah Guano Co.*, 97 *Ga.* 473 (3) (25 S. E. 477). *O'Kelly* v. *Welch*, 18 *Ga. App.* 157 (89 S. E. 76); *Trippe* v. *Sheppard*, 21 *Ga. App.* 279 (2) (94 S. E. 328); *Patterson* v.

Bills and Notes, 8 C. J. p. 943, n. 21; p. 950, n. 26 New; p. 1099, n. 39. Pleading, 31 Cyc. p. 546, n. 93.
Trial, 38 Cyc. p. 1564, n. 69, 70; p. 1575, n. 23.

*Bank of Alapaha*, 23 *Ga. App.* 622 (99 S. E. 141); *Amason* v. *Bank of Tignall*, 35 *Ga. App.* 509 (134 S. E. 115).

2. Where an attorney for the payee in a promissory note providing for the payment of attorney's fees in addition to principal and interest gives to the maker a written notice of the intention of the payee to bring suit on the note and to claim attorney's fees in accordance with the terms of section 4252 of the Civil Code (1910), and where it affirmatively appears therein that the note is in the attorney's hands for collection in behalf of the original payee, who is still the holder and owner, and where the notice discloses the address of the attorney, the notice is not insufficient because of an alleged failure to state where the note is located or where or to whom it should be paid. *Rylee* v. *Bank of Statham*, 7 *Ga. App.* 489 (3) (67 S. E. 383); *Aycock* v. *Tillman*, 14 *Ga. App.* 80 (80 S. E. 301); *Phelps* v. *Belle Isle*, 29 *Ga. App.* 571 (116 S. E. 217); *McKibben* v. *Fourth National Bank*, 32 *Ga. App.* 222 (11) (122 S. E. 891); *Collins* v. *Savannah Guano Co.*, 33 *Ga. App.* 729 (3) (127 S. E. 672).

3. The defendant's answer having failed to set forth defense as to any part of the plaintiff's demand, the court did not err in striking it. "The suit then being in default, the plaintiff was entitled to take a verdict as if each and every allegation of the petition had been proven by evidence. Civil Code (1910), § § 5539, 5662. Although it is true, as contended by counsel for plaintiff in error, that as to the notes which had not matured by their own terms the suit was not one upon unconditional contracts in writing (see *Howard* v. *Wellham*, 114 *Ga.* 934, 41 S. E. 62; *Rodgers* v. *Caldwell*, 112 *Ga.* 635, 37 S. E. 866), the direction of the verdict for the plaintiff was not for this reason violative of the provisions of the Civil Code (1910), § 6516. While the judge may ordinarily have no authority to render judgment without the verdict of a jury, except in cases referred to in that section, this does not mean that, even in those cases where the verdict of a jury is necessary, the court may not direct it where it is demanded by the law and the facts." *Pape* v. *Woolford Realty Co.*, 35 *Ga. App.* 284 (6) (134 S. E. 174), and cit.

(a) A fortiori, the verdict in favor of the plaintiff upon the notes providing for the payment of a certain amount as attorney's fees was not, under the facts of this case, contrary to law as being without evidence to support it.

4. The court did not err in striking the defendant's answer, or in refusing his motion for a new trial.

*Judgment affirmed. Jenkins, P. J.; and Bell, J., concur.*

DECIDED MARCH 5, 1927.

Complaint; from Richmond superior court—Judge A. L. Franklin. January 15, 1926.

STATEMENT OF FACTS BY STEPHENS, J.

This is a suit by a payee upon notes for purchase-money of a house and lot. The defendant, in his answer as amended, pleaded, that "when said property was sold to him it was represented [by

the plaintiff's agent] that there was sewerage and water connections therewith," whereas "there was no sewerage on said property at all;" and the "only method of carrying off the sewerage . . was a septic tank which was wholly inadequate for the purpose;" "if it had been represented to him [the defendant] that there was no sewerage connection there, he would not have purchased said property;" "all of which was unknown to this defendant and could not have been discovered by ordinary observation," or "by a superficial inspection." The answer further alleged that the defendant had been damaged because of having to install adequate sewerage connections at a stated cost, which was pleaded in abatement of the purchase-price.

The notes provided for the payment of a certain per cent. of the debt for attorney's fees, and the petition alleged that "due notice in writing" of the plaintiff's intention "to sue these notes at the March term, 1925, to the superior court of said county has been given to said defendant in terms of the statute more than ten days prior to the filing of this suit, to wit, January 28, 1925, said written notice having been given for the purpose of binding said defendant to the payment of attorney's fees as specified in said notes." No copy of the notice was annexed to the petition, but the defendant attached to his answer the notice served upon him, and alleged that the notice was not in law such as to entitle the plaintiff to recover attorney's fees "for the reason that it does not state where said notes were located or where they should be paid, or whom they should be paid to." The notice was addressed to the defendant and began as follows: "Take notice that I have for collection two notes against you in favor of Mrs. Susie C. Jones of Augusta, Georgia," being the notes sued on. Mrs. Jones was the payee. The notice declared that the suit would be brought in her name, and it was so brought. The notice was dated January 26, 1925, and was signed as follows: "J. S. Adams, attorney at law for Mrs. Susie C. Jones, Dublin, Georgia."

The defendant's answer was not verified. The plaintiff demurred generally and specially to the original answer, and one ground of the demurrer was as follows: "The plea and answer filed by the defendant is not sworn to or verified by the oath of the defendant or any one for him, and plaintiff moves the court to strike said plea for that reason." The defendant thereupon filed an

amendment to his answer, which amendment expressly stated that it was made in response to the plaintiff's demurrer. This amendment was not verified, and the defendant still failed to verify his answer or to move to be allowed to do so. The court thereafter passed a general order sustaining the demurrer and striking the plea as amended. To this ruling the defendant excepted pendente lite. A verdict was thereupon directed for the plaintiff, for principal, interest, and attorney's fees. The defendant's motion for a new trial was overruled, and he excepted. The defendant demurred to the plaintiff's petition, and this demurrer was overruled, but no exceptions to that judgment were taken.

*Pierce Brothers,* for plaintiff in error.

*D. G. Fogarty, Hardwick & Adams,* contra.