23179. FIELD, administrator, *v.* McELROY.

Decided October 14, 1933.

*Paul H. Field,* for plaintiff in error. *Don K. Johnston,* contra.

Sutton, J. This was a suit on a promissory note secured by a loan deed to certain lands. The note matured on October 15, 1934. To it were attached certain semiannual interest notes. The principal note provided that if the maker should fail to pay any of the interest notes when due, the holder would have the right to declare the principal note due. The petition alleged that the

maker had defaulted in the payment of two of the interest notes and that the plaintiff had declared the principal note due. The defendant, as administrator of the maker, filed an answer in which he admitted the execution of the notes, but alleged that there was no default in the payment of the interest notes, in that in the loan deed it was provided that the plaintiff had the right, on default of any interest payment, to collect the rents from the lands conveyed by the loan deed and apply the same to the payment of the interest notes, that the plaintiff had done this, that the interest notes were therefore not in default, and that by reason thereof the principal note was not due. This plea and answer was filed at the appearance term and was not verified. At the trial term the plaintiff demurred to the answer generally as setting forth no defense in law, and specially on the ground that the allegations therein as to payment of the interest notes was not sufficiently definite. The court sustained the demurrer and struck the answer, and thereupon directed a verdict for the plaintiff. The defendant moved for a new trial, the motion was overruled, and the case is in this court on exception to that judgment, and in the bill of exceptions error is assigned upon exceptions pendente lite complaining of the judgment sustaining the demurrer and striking the answer. *Held:*

1. The part of the plea and answer alleging that the interest notes were not in default but had been paid, and that the principal note was not yet due, set up a defense good as against a general demurrer. *Register* v. *Southern States Phosphate &c. Co.,* 157 *Ga.* 561 (4) (122 S. E. 323); *Epstein Co.* v. *Thomas,* 15 *Ga. App.* 741 (3) (84 S. E. 201); *Thompson* v. *Carrollton Bank,* 29 *Ga. App.* 520 (2) (116 S. E. 39). The special demurrer directed at the sufficiency and definiteness of the plea as to payment of the interest notes came too late, being interposed at the trial term. *Green* v. *Hambrick,* 118 *Ga.* 569 (5) (45 S. E. 420); *Mullins* v. *Matthews,* 122 *Ga.* 286 (50 S. E. 101).

2. Where to an action upon a note an unverified plea setting up a defense good as against general demurrer was filed at the first term, and it did not appear that the plea was ever objected to on account of its being unverified, it was error to strike the same at the trial term on the ground that it set forth no defense in law. "A dismissal on such objection will not be sustained al-

though the record shows that the plea was not verified, because, so far as that deficiency was concerned, the defendant should at that time have been given an opportunity to complete the plea by verification." *Ward* v. *Frick Co.*, 95 *Ga.* 804 (22 S. E. 899); *Amason* v. *Bank of Tignall*, 35 *Ga. App.* 509 (134 S. E. 115).

3. The court having erred in striking the plea and answer filed by the defendant, it follows that the court erred in directing a verdict for the plaintiff and in overruling defendant's motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*