## 23621. WILLIAMSON v. CALHOUN.

SUTTON, J. 1. A plea of payment interposed in a suit on a promissory note, which sets up that the plaintiff, the transferee of the note, was the confidential agent, steward, and factor of the defendant maker of the note, and, as such, had in his possession, custody, and management the defendant's real and personal property, for the purpose of collecting rents, investing them, and otherwise managing and taking care thereof, and had paid the note sued on with the defendant's funds which he so held, but, instead of procuring the cancellation of the note, had it transferred to him, and was therefore not the holder and owner of the note sued on, the same having been fully satisfied by the plaintiff out of the funds in his possession belonging to the defendant, was not subject to a general demurrer directed to the plea as a whole, and the court erred in striking the entire plea on general·dmurrer. *Epstein* v. *Thomas,* 15 *Ga. App.* 741 (84 S. E. 201) ; *Thompson* v. *Carrollton Bank,* 29 *Ga. App.* 520 (116 S. E. 39) ; *Short* v. *Jordan,* 39 *Ga. App.* 45 (146 S. E. 31) ; *Vinson* v. *Garland,* 41 *Ga. App.* 601 (154 S. E. 158) ; *Register* v. *Southern States Phosphate Co.,* 157 *Ga.* 561 (4) (122 S. E. 323). The test of the sufficiency of a plea of payment to withstand a general demurrer is whether the plaintiff can admit all of its allegations and still be entitled to recover. *Pullman Co.* v. *Martin,* 92 *Ga.* 161 (18 S. E. 364) ; *Georgia R. &c. Co.* v. *Rayford,* 115 *Ga.* 937 (42 S. E. 234). The plaintiff in this case can hardly admit that the note sued on had been paid by him with the defendant's funds in the manner set out in the plea, and still be entitled to recover.

2. A pleading which sets forth that a contract which the statute of frauds requires to be in writing was entered into, giving its terms, but fails to state whether the contract was in writing or not, is not subject to demurrer on that ground. *Draper* v. *Macon Dry-goods Co.,* 103 *Ga.* 661 (30 S. E. 566, 68 Am. St. R. 136). If the contract is of a kind required by the statute of frauds to be in writing, the presumption is that it was in writing. *Ga. Fla. & A. Ry. Co.* v. *Parsons,* 12 *Ga. App.* 180 (76 S. E. 1063).

3. Applying the ruling made by the Supreme Court in the first headnote

of the decision in *Teasley* v. *Bradley*, 110 *Ga.* 497 (35 S. E. 782, 78 Am. St. R. 113), the plea alleging that the plaintiff was the brother of the defendant, had charge of and managed her property over a period of years, and had paid the note sued on out of moneys of the defendant coming into his hands by reason of his agency over a period of years, and had it transferred to him instead of having it canceled and delivered to the defendant, was not subject to demurrer upon the ground that the matters set up in the plea were barred by the statute of limitations or had become stale and could not now be asserted by the defendant in defense to the suit on the note.

4. Applying the rulings above made, the trial court erred in dismissing the defendant's plea as amended, on general demurrer, and in entering up judgment on the note in favor of the plaintiff.

*Judgment reversed. Stephens, J., concurs. Jenkins, P. J., dissents.*

DECIDED SEPTEMBER 25, 1934.

*I. W. Rountree, Guy Alford,* for plaintiff in error.
*A. S. Bradley, Felix C. Williams, P. W. Bradley,* contra.

JENKINS, P. J., dissenting. This is a suit brought by the plaintiff as endorsee without recourse on a promissory note under seal, dated July 1, 1916, due July 1, 1921. The original answer alleged in substance: that from a period prior to the date of the note the plaintiff had been her agent and financial adviser, handling in trust for her practically all of her personal property; that the plaintiff rented her three-horse farm to his daughter, who accounted to him for an unknown amount of rentals, during 1919 to 1922 inclusive, but at a fair average rental of $500 a year the amount of rentals which "were collected by the said [plaintiff] *or should have been*" would be $2000; that in 1923 the plaintiff stated to the defendant that the rentals were insufficient to pay and reimburse him for her other indebtedness and the note sued on, whereupon he procured her to make a deed to his daughter of the defendant's life-estate in the land "for a purported valuable consideration," upon an agreement that the daughter would nevertheless continue to pay rentals until they were sufficient to pay the balance of the various undescribed indebtedness claimed by the plaintiff, and thereafter would pay to the defendant "the rentals during the balance of her life;" that the value of the rentals from 1923 at $300 a year was $2100, making the total reasonable and fair rentals from 1919 approximately $4000; that the plaintiff had to pay out in discharging indebtedness other than the note less than half the rentals

"which the said [plaintiff] is rightfully due and owing to this de-
fendant;" that these rentals have thus paid the note; and that
"the rentals for said period which the said [plaintiff] has collected
*or should have collected* would be more than sufficient to have paid
the entire indebtedness."

It is well settled that damages ex delicto can not be set off
against an action ex contractu except in equity in cases of insolvency
or nonresidence. *Arnold* v. *Carter,* 125 *Ga.* 319, 324 (54 S. E.
177); *Strickland* v. *Bank,* 141 *Ga.* 565 (81 S. E. 886); *Potts-
Thompson Liquor Co.* v. *Capital City Tobacco Co.,* 137 *Ga.* 648 (74
S. E. 279); Civil Code (1910), § 5521. Construing, as must be
done, the averments most strongly against the pleader, the original
plea not only fails to show what amounts of rent were actually col-
lected by the plaintiff, but the averment that the rentals were col-
lected "or should have been collected" does not allege any sort of
actual collection, and therefore must be taken as sounding in tort
for the failure of the plaintiff to collect the proper rentals through
mismanagement or otherwise. The original answer does not seek to
recover the rents against the tenant, but amounts only to a defense,
in a suit by an agent, for a failure to collect and apply them on the
principal's debt to the agent. This could not be done in a suit
upon the note, there being no equitable plea of insolvency or non-
residence. Moreover, as to those rentals claimed after the de-
fendant at the instance of the plaintiff had executed a deed to the
daughter "for a purported valuable consideration," the legality
of which is not attacked, the conveyance of the property is incon-
sistent with the claim of rentals. Furthermore, even though as
against general demurrer allegations in a plea of payment are not
required to be specific and definite as to the times and manner of
payment, the allegations in both the original plea and its amend-
ment are so vague, uncertain, and indefinite as to what monies, if
any, were actually paid to or received by the plaintiff upon the note
in question, as well as the other indebtedness which the defendant
claims was paid or reimbursed to the plaintiff, that the plea in this
respect, even with the amendment, is wholly insufficient.

The amendment to the answer does not cure these defects. It
does not strike the original averments as to the rentals or the method
of alleged payment, and nowhere alleges that the plaintiff otherwise
actually collected rentals sufficient to pay the note and other in-

debtedness claimed by the plaintiff. It merely sets up in the most general terms that at some unstated time apparently some thirty years previously the plaintiff acquired practically all of her personal property to hold in trust and manage for her; and that if the rentals as set forth by the original answer were insufficient to take care of her indebtedness including the note in question, then her note has been paid, since the plaintiff was to have paid it out of her funds which were sufficient to have done so. As I see it, however, this is not an allegation of payment. There is no averment that she has not received the benefit of all her funds managed by the plaintiff. While the allegations of the original answer might suggest sufficient facts such as might authorize a proceeding for an accounting, both the original answer and the amendment utterly fail to set up a good plea of payment in an action at law ex contractu.