1. Where suit was brought by the plaintiff, as transferee, on a note executed and delivered by the defendant to a third party, and the defendant admitted a prima facie case and assumed the burden of proving her defense that the note was paid by the plaintiff out of funds belonging to her and in his possession, the evidence on behalf of the defendant, while tending to show that she had intrusted her real and personal property, including a large amount of cash, to the plaintiff, through many years, as her confidential agent, steward, and factor to manage her property and pay her debts, was vague and uncertain in its entirety, and failed to show that at the time the plaintiff had the note transferred to him he had in his possession any funds belonging to the defendant or used any of her funds in payment of the note. Accordingly, the trial court did not err in directing a verdict for the plaintiff.
2. The alleged newly discovered evidence, even if properly presented for consideration by the court as set out in the special ground of the motion for new trial, was not such as to require a different result.
Judgment affirmed. Stephens, P. J., andFelton, J., concur.
 DECIDED FEBRUARY 15, 1941.
 STATEMENT OF FACTS BY SUTTON, J.
B. S. Calhoun, on May 5, 1931, brought suit against Clarissa Williamson on a note executed and delivered by her on July 1, 1916, to the Volunteer State Life Insurance Company in the amount of $1050, due July 1, 1921, with interest at 7 per cent. per annum from date, a copy of which note was attached to the petition, it being alleged that the note was past due and unpaid, and that interest to July 1, 1920, only had been paid; that the plaintiff was the lawful holder and owner of the note, having purchased the same for value before maturity and without notice of any equities between the maker and the payee, the original payee having indorsed the said note to one A. L. Powell, who thereafter indorsed the same to the plaintiff. It was also alleged that notice of intention to sue, including 10 per cent. attorney's fees as provided in said note, had been duly given the defendant, but that she failed and refused to pay the amount due or any part thereof.
The defendant filed an answer admitting a prima facie case, but setting up a special plea in substance that for many years the plaintiff had been her confidential agent, steward, and factor, and as such had in his possession, custody, control, and management her real and personal property for the purpose of collecting rents, *Page 393 
investing them, and otherwise managing and taking care thereof, and had paid the note sued on with the defendant's funds which he so held, but that, instead of procuring the cancellation of the note, he had it transferred to himself and was, therefore, not the holder and owner of the note, the same having been fully satisfied by him out of the defendant's funds in his possession. The trial court sustained a general demurrer to the defendant's plea as a whole, which judgment this court in Williamson v. Calhoun, 49 Ga. App. 631 (176 S.E. 653), reversed. Thereafter the defendant amended her plea and answer by alleging that the note had been fully paid and satisfied under the following circumstances: that upon the death of Solomon Williamson (her husband) the defendant inherited from his estate and owned in her own right property aggregating in value approximately $15,000; that of this amount $5000 was turned over to the said Calhoun to manage for her, along with her real estate holdings; that soon thereafter 309 acres of land in Montgomery County were sold for the sum of $5000 and the timber thereon for $1000, aggregating in all $6000, and that Calhoun also took over, to handle, collect, and reinvest for her, the cash and notes representing the sale of the property and timber; that at the time the note sued on was given the said Calhoun had acquired practically all of the personal property, cash, and notes of the defendant and held the same in trust for her and did procure her to convey to others all of her real estate holdings; that in the event the proceeds of the farm were insufficient to take care of the indebtedness, including the note in question, the said Calhoun was to pay the same, including all other indebtedness outstanding against the defendant, he having in hand at the time ample funds of the defendant to pay all of her indebtedness, and the same, including the note in question, were to be cancelled and delivered over to her; that the said Calhoun paid the note under these circumstances and took a transfer of the same in his own name, instead of cancelling it, and he is not, therefore, the holder and owner of the note, and the same was fully satisfied out of her funds in the hands of the said Calhoun.
After the introduction of evidence by the defendant, who admitted a prima facie case and assumed the burden of proving payment of the note by Calhoun out of her own funds in his possession, the introduction by the plaintiff of a quitclaim deed, dated January *Page 394 
27, 1921, executed by the defendant to Onie Williamson, the daughter of the plaintiff, as to which deed, conveying 100 acres of land, the defendant had testified that it was executed and delivered at the request of B. S. Calhoun with the understanding and agreement on his part that "out of the rentals" from such property he would pay all of the indebtedness of the defendant, and certain rebuttal testimony for the defendant, the court directed a verdict for the plaintiff. The defendant filed a motion for new trial on the general grounds, and by amendment added a special ground complaining that the direction of the verdict was error in that the issues should have been submitted to a jury, and another ground based on newly discovered evidence as to the agreement and understanding between the defendant and Calhoun with respect to paying the debts of the defendant from the rentals from the property conveyed to Onie Williamson. The court overruled the motion for new trial, and the exception is to that judgment.