41327. HAMBRICK, Trustee v. NOVA et al.

PANNELL, Judge. 1. A bill of exceptions assigning error on the grant of a motion for new trial on special grounds will lie to this court (*Code* § 6-701, as amended by the Act of 1946 (Ga. L. 1946, pp. 726, 730), the Act of 1953 (Ga. L. 1953, Nov. Sess., pp. 440, 455), and the Act of 1957 (Ga. L. 1957, pp. 224, 230); *Code* § 6-1608, as amended by the Act of 1959 (Ga. L. 1959, pp. 353, 354)), and the fact that other assignments of error therein would not support a bill of exceptions does not authorize a dismissal of such bill of exceptions.

2. (a) Where pleas to an action brought on a promissory note are stricken on demurrer and a final judgment by default is entered against the defendants and there is no exception thereto, this error, if any, is no cause for setting this judgment aside or for granting a new trial (see *Fisher v. Savannah Guano Co.,* 97 Ga. 473 (25 SE 477)), this for the reason that erroneous rulings on pleadings are not proper grounds for motions in arrest or to set aside judgments (see *Code* §§ 110-702—110-705), nor are rulings on pleadings proper grounds of a motion for new trial. *Rome Builders Supply, Inc. v. Rome Kraft Co.,* 104 Ga. App. 488 (1) (122 SE2d 133); *Nicholls v. Popwell,* 80 Ga. 604 (1) (6 SE 21); *Davis v. Buie,* 197 Ga. 835 (2) (30 SE2d 861); *Kelly v. Strouse,* 116 Ga. 872 (6) (43 SE 280).

(b) Where the defendant's general demurrer to a petition is overruled and there is no exception thereto, such ruling is controlling in the subsequent determination of a motion in arrest or to set aside the judgment upon the ground that the petition sets forth no cause of action. *Kenimer v. State of Ga.*, 81 Ga. App. 437, 445 (59 SE2d 296).

(c) Intimations that an error in a ruling on demurrer may be grounds for motion in arrest of judgment in *Rogers v. Rogers,* 78 Ga. 688, 691 (3 SE 451), and *Griffin v. The Justices, &c. of Baker County,* 17 Ga. 96, 97 (1), and grounds for new trial in *Latimore v. State,* 63 Ga. 557, 559 (1), are not controlling under our present system of appellate review. See *Henderson v. State,* 123 Ga. 739, 744 (51 SE 764).

3. An amendment to an answer cannot be filed after judgment has been rendered in behalf of the plaintiff, even though a motion for new trial be pending (*Southern Mut. Ins. Co. v. Turnley,* 100 Ga. 296 (7) (27 SE 975); *Real Estate Bank &c. Co. v. Baldwin Locomotive Works,* 145 Ga. 105 (88 SE 584)), and such amendment is subject to be stricken upon motion.

4. While it has been stated to be a general principle of law that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, but that this does not apply where proceedings to vacate the judgment were begun during the term in which the judgment was rendered (see *Maxwell v. Cofer,* 201 Ga. 222 (39 SE2d 314)), and assuming, without deciding, that the trial court, in its discretion, would have had authority to set aside the final judgment against the defendants, in the present case, upon the motions filed during the term because of its right to plenary control of its judgments (*Gobles v. Hayes,* 194 Ga. 297 (21 SE2d 624); *East Side Lumber &c. Co. v. Barfield,* 193 Ga. 273 (18 SE2d 492); cp. *Cofer v. Maxwell,* 201 Ga. 846 (41 SE2d 420)), the setting aside of the final money judgment against the defendants amounted to a useless gesture inasmuch as the ruling on the demurrer to the defendant's plea would still stand, there having been no motion made to set aside this judgment, and the trial court would again have to enter judgment for the plaintiff upon the unconditional contract in writing sued upon. There was no motion to set aside the judgment dismissing the answer of the defendants. See, in this connection, *Jones v. Bibb Brick Co.,* 120 Ga. 321 (10) (48 SE 25).

5. Upon application of the foregoing rulings to the facts of the present case, it must be held that the trial court erred in granting the motion in arrest or to set aside the judgment, erred in granting the motion for new trial, and erred in overruling plaintiff's demurrer to the amendment to the answer filed after judgment.

*Judgment reversed. Nichols, P. J., and Eberhardt, J., concur.*

SUBMITTED MAY 4, 1965—DECIDED SEPTEMBER 8, 1965—
REHEARING DENIED SEPTEMBER 16, 1965.

*A. Mims Wilkinson, Jr.,* for plaintiff in error.

*Russo & Russo, Lucio L. Russo,* contra.